THE STATE OF MISSOURI, Respondent, *v.* SAMUEL C. LAWRENCE, Appellant.

1. *Practice, civil — Trials — Jurisdiction, question of, always open for examination.*— Questions going to the jurisdiction of the court over the cause of action, or subject-matter of the complaint, are in order at any stage of the proceedings in a case.

2. *Practice. civil — Jurisdiction — Executions issued by Court of Criminal Correction for purpose of extortion.*— Forfeiture of office, and a disqualification

to hold office and vote, were designed by the Legislature as part of the "punishment" to be visited on one convicted of illegally issuing an execution for purposes of extortion, under color of office as justice of the peace. (Gen. Stat. 1865, ch. 204, §§ 16, 19.) But the St. Louis Court of Criminal Correction, prior to the amendment of 1869 (Sess. Acts 1869, p. 196, § 13), had no jurisdiction over misdemeanors where the punishment following conviction went beyond a fine and imprisonment, and therefore had no jurisdiction of such a complaint.

*Appeal from St. Louis Court of Criminal Correction.*

*Higdon*, and *Brown & Huffman*, and *C. G. Mauro*, for appellant.

The record on its face shows that the St. Louis Court of Criminal Correction had no jurisdiction over the subject-matter charged in the complaint. (Gen. Stat. 1865, p. 897, § 10, p. 808, §§ 18, 23, p. 696, § 30.) Courts of limited or inferior jurisdiction have such jurisdiction only as is expressly conferred by statute, and their powers can not be enlarged by implication. That the court had no jurisdiction is manifest from the amendment of the act creating it. (Sess. Acts 1869, p. 196, § 13.)

*H. B. Johnson*, Attorney-General, and *Colcord* and *Sterling*, for respondent.

The disqualifications prescribed by section 18 (Gen. Stat. 1865, ch. 204) constituted part of the punishment in the case at bar. They are not pronounced by the court, but follow by operation of law.

CURRIER, Judge, delivered the opinion of the court.

This proceeding was commenced in the St. Louis Court of Criminal Correction, upon an information against the defendant, charging him with the commission of a misdemeanor in office. It is objected that it appears upon the face of the information that its subject-matter is not within the jurisdiction of that court. The question thus raised is open for examination here, although the point was not taken in the court below, since questions going to the jurisdiction of the court over the cause of action, or subject-matter of the complaint, are in order at any stage of the

proceedings. (Wagn. Stat. 1015, § 10; Lindell v. Hann. & St. Jo. R.R., 36 Mo. 545; Valarino v. Thompson, 7 N. Y. 576.)

The complaint charges, among other things, that the defendant, under color of his office of justice of the peace, and for the purpose of oppression and extortion, illegally issued an execution against certain named parties. The statute under which the information is framed (Gen. Stat. 1865, ch. 204, p. 808, §§ 16, 17) prescribes, as a punishment for the alleged offense, imprisonment in the county jail for a term not exceeding one year, and by a fine not exceeding $1,000; and the eighteenth section of the same chapter provides that any person who shall be convicted of the offense alleged against the defendant, shall be forever disqualified from holding any office of honor, trust, or profit, under the constitution and laws of this State, and from voting at elections. Section 23 of the same chapter further provides that a party convicted of an offense, "punishable by disqualification to hold office, shall, in addition to the other punishments prescribed for such offense, forfeit his office."

It is evident, from a collation of these several provisions, that the Legislature treated a forfeiture of office, and a disqualification to hold office and vote, as elements and portions of the "punishment" to be visited upon the convicted offender. He is deprived of office and disqualified, as in punishment for his official misconduct. Punishment, in the legal sense, is some pain or penalty warranted by law, inflicted on a person for the commission of a crime or misdemeanor, whether declared by the court or superinduced as a legal result of conviction. An offender may be punished as well by forfeiture and disqualification as by fine and imprisonment.

But the act establishing the St. Louis Court of Criminal Correction (Gen. Stat. 1865, p. 897, § 10) gives that court jurisdiction of misdemeanors, "the punishment whereof is by fine or imprisonment, or both," without expressly including misdemeanors punishable by forfeiture of office and the specified disqualifications, in addition to the fine and imprisonment. If the Legislature had intended to confer an unrestricted jurisdiction over all misdemeanors, different or additional language

would have been employed.  At all events, there is no express grant of jurisdiction over cases involving these specified disqualifications and forfeitures; and courts of inferior and limited jurisdiction can take nothing by construction or implication, but must show the power expressly given them, in every instance. It has been held to be a sound rule of construction to hold such courts to the exact limits of the jurisdiction conferred upon them by the statute, while a liberal construction is given to their proceedings as regards form and regularity.  (Jones v. Reed, 1 Johns. 20.)

The view that the Legislature did not confer, or intend to confer, upon the Court of Criminal Correction jurisdiction over misdemeanors where the punishment following conviction went beyond a fine and imprisonment, finds support in the fact that the Legislature, at a subsequent session, amended the original act so as to bring misdemeanors involving forfeitures, etc., within the jurisdiction of the court in express terms.  (Acts 1869, p. 196, § 13.)  There was no occasion for this amendment unless it enlarged the scope of the original act.

Our conclusion is that prior to the amendment the St. Louis Court of Criminal Correction had no jurisdiction of the offense charged in the pending complaint.  The judgment must therefore be reversed and the cause remanded.  The other judges concur.