JOHN BLIZE ET AL., Respondents, *v.* JOHN C. CASTLIO ET AL., Appellants.

**February 3, 1880.**

1. Where it does not appear of record that the application for a new road, made under the law of 1877, was made by twelve householders of the township through which the road runs, three of whom are of the neighborhood, the petition must, on appeal, be dismissed.

2. After the term has elapsed, *nunc pro tunc* entries amending the judgment so as to show jurisdictional facts must be based upon some memorandum entry, or paper in the case.

3. In proceedings involving the exercise of the right of eminent domain, the utmost strictness is required to give validity to the proceeding.

APPEAL from the St. Charles Circuit Court.

*Reversed and dismissed.*

MCDEARMON & GAUSS, for the appellants : In a proceeding to open a public road, it must appear from the petition presented to the County Court that the petition was signed by " at least twelve householders of the municipal township or townships through which said proposed road may run, three of whom were of the immediate neighborhood."— *Shaffner* v. *St. Louis*, 31 Mo. 264 ; *Lind* v. *Clemens*, 44 Mo. 540 ; *Schell* v. *Leland*, 45 Mo. 289 ; *Leslie* v. *St. Louis*, 47 Mo. 477 ; *Anderson* v. *St. Louis*, 47 Mo. 479 ; *Ellis* v. *Railroad Co.*, 51 Mo. 200 ; *Smith* v. *Haworth*, 53 Mo. 88 ; *Jefferson* v. *Cowan*, 54 Mo. 234 ; *Ruggles* v. *Collier*, 43 Mo. 353 ; *Railroad Co.* v. *Nelson*, 62 Mo. 585 ; *Haggard* v. *Railroad Co.*, 63 Mo. 302 ; *Queigle* v. *Railway Co.*, 63 Mo. 465 ; *The State ex rel.* v. *St. Louis*, 67 Mo. 113 ; *Rogers* v. *St. Charles*, 3 Mo. App. 41 ; *Inhabitants* v. *Pope*, 1 Mass. 85 ; Laws 1877, sect. 6, p. 395. Where the record of the County Court fails to show a jurisdictional fact, the defect cannot be cured on appeal to the Circuit Court by the introduction of extraneous evidence. — *Cunningham* v. *Railroad Co.*, 61 Mo. 33 ; *Rogers* v. *St. Charles*, 3 Mo. App. 41 ; *Young* v. *Thompson*, 14 Ill. 380 ;

*Nichols* v. *Bridgeport*, 25 Conn. — ; *Kellogg* v. *McLaughlin*, 8 Ohio, 116. An order *nunc pro tunc* cannot be made unless the facts necessary to authorize the entry appear in the record. Parol testimony cannot be introduced to supply the deficiency of the record in this regard. Neither is the court justified in making the entry from the mere recollection of the judge. — *Hyde* v. *Cushing*, 10 Mo. 359 ; *The State* v. *Clark*, 18 Mo. 482 ; *Gibson* v. *Chouteau*, 45 Mo. 171 ; *Turner, Exr., etc.*, v. *Christy*, 50 Mo. 145 ; *Saxton* v. *Smith*, 50 Mo. 490 ; *Allen* v. *Sales*, 56 Mo. 28 ; *Dunn* v. *Raley*, 58 Mo. 134 ; *Priest* v. *McMaster*, 52 Mo. 60 ; *Fletcher* v. *Coombs*, 58 Mo. 430 ; *Railroad Co.* v. *Mockbee*, 63 Mo. 348 ; *Robertson* v. *Neal*, 60 Mo. 579 ; *The State* v. *Primm*, 61 Mo. 166 ; *Exchange Bank* v. *Allen*, 68 Mo. 474 ; *Summersett* v. *Summersett*, 40 Ala. 596 ; *Pettus* v. *McClannehan*, 52 Ala. 55 ; *Makepeace* v. *Lukens*, 27 Ind. 435 ; *Decastro* v. *Richardson*, 25 Cal. 49. Where the record of the County Court fails to show that a petition to open a public road was signed by " twelve householders of the municipal township or townships through which said road may run, three of whom were of the immediate neighborhood," the defect is not cured by an entry *nunc pro tunc*, which merely says that it appeared to the court that the petition was signed by a " sufficient number of qualified petitioners."—*Greeley* v. *St. Louis*, 67 Mo. 116 ; *Charles* v. *Barney*, 1 Mo. 537 ; *Rives* v. *Morton*, 9 Mo. 510 ; *Morton* v. *Reeves*, 6 Mo. 45.

H. C. LACKLAND, for the respondents : The *nunc pro tunc* entries were properly made. — *Jones* v. *Insurance Co.*, 55 Mo. 344 ; 68 Mo. 474 ; *Gibson* v. *Chouteau*, 45 Mo. 175 ; *Fletcher* v. *Coombs*, 58 Mo. 430 ; *Allen* v. *Sales*, 56 Mo. 28 ; *Saxton* v. *Smith*, 50 Mo. 491. The fact that the application was made by the proper number of householders was sufficiently pleaded and sufficiently appears. — *Snoddy* v. *Pettis County*, 45 Mo. 363 ; *Railroad Co.* v. *Morton*, 27 Mo. 317 ; *Kiley* v. *Forsee*, 57 Mo. 390 ; *Young* v. *St. Louis*, 47 Mo. 492.

Bakewell, J., delivered the opinion of the court.

This was a proceeding under the road law (Acts 1877, p. 393), to open a new road in St. Charles County. The petition was filed May 14, 1877, and on the same day a remonstrance was filed, signed by appellants and many other citizens. The remonstrance was heard on August 15, 1877, and an order then made requiring the road commissioner to view the road. At the next term the commissioner's report was filed, and at the next term John C. Castlio and Fortunatus Castlio, who alone had not relinquished the right of way, appeared and filed objections in writing to the report. The court then appointed a jury of three freeholders to view the premises and assess damages. On March 27, 1878, the day fixed for taking testimony before the jury in the presence of the court, John C. and Fortunatus Castlio filed a motion to dismiss, assigning, amongst many other reasons, that the petition does not show that it was signed by twelve householders of the township through which the road runs, and that three householders of the immediate neighborhood signed the petition. This motion was overruled. The trial of damages then proceeded, and the jury assessed damages to John C. Castlio $173.30 and to Fortunatus $102.12. Thereupon, on March 28, 1878, the petitioners filed the following motion : —

"Now come the petitioners, and move the court to amend its record, made on the fourteenth day of May, 1877, upon the presentation of the petition, so as to conform the same to the facts, and make it show that the court passed upon the question whether at least twelve householders signed said petition, and that three of them were of the immediate vicinity, and ordered such an entry to be made at the time, but the clerk inadvertently omitted to make such entry. Wherefore, petitioners ask that the entry may be made *nunc pro tunc.*"

On the same day the following entry was made : —

"Now, again, come said petitioners and the objectors and

remonstrants, and the motion of petitioners to amend the record of this court, made on the fourteenth day of May, 1877, upon the presentation of the petition, so as to conform the same to the facts, and make it show that the court passed upon the question whether at least twelve householders of the said township signed said petition, and that three of them were of the immediate vicinity of the proposed road, coming on to be heard, and the court having seen and heard and considered the same, doth sustain said motion; and it appearing to the court that the following judgment or order was made by this court on the fourteenth day of May, A. D. 1877, and not entered of record, it is therefore ordered that the same be entered *nunc pro tunc,* to wit: " In the matter of John Blize et al., petitioners for a new county road. On this day a petition was presented and publicly read for a new county road in Dardenne Township, commencing, etc., [the road is here described] and it being proven to the satisfaction of the court that due legal notice has been given of the intended application to this court for such road, and that said petition is signed by a sufficient number of qualified petitioners, and on said day a remonstrance being also presented and publicly read as to the utility of the same, it is therefore ordered by the court that said petition and remonstrance be filed for further proceedings."

The court then entered judgment establishing the road, and defendants appealed to the Circuit Court, where defendants moved to dismiss, for the reason set forth above, and for other reasons. This motion was overruled, and such proceedings were had that final judgment was entered establishing the road.

The act under which these proceedings were had provides (Acts 1867, p. 395, sect. 6) that the application for the establishment of a new road must be made by petition to the County Court, signed by at least twelve householders of the municipal townships through which the road may run, three

of whom must be of the immediate neighborhood. The same provision was in the act of 1872 (p. 139, sect. 8). It was held by the Supreme Court, in *Jefferson County* v. *Cowan*, 54 Mo. 237, that the County Court has no jurisdiction in the premises unless these facts appear in the petition or in the record, and that where they do not appear the petition should be dismissed in the Circuit Court. If, as is suggested, this ruling is not in accordance with what is said in *Snoddy* v. *Pettis County* (45 Mo. 363), the latter case must be taken, of course, to overrule the former so far as the rulings cannot stand together.' The law as now established is, that these facts must appear in the petition or of record, and that, being jurisdictional facts, if they do not appear, it is fatal to the proceedings.

We have only to consider whether they do appear in the present case. They do not appear unless by *nunc pro tunc* entry. The question is, whether this *nunc pro tunc* entry could be made.

As to that, clerical errors and mere misprisions of the clerk may be corrected at any time so as to conform the record to the truth, provided there is anything from which the record can be amended. The amendment cannot be based upon the memory of the judge, or facts proved by affidavits or by oral testimony, apart from what is shown by the record. *Exchange Bank* v. *Allen*, 68 Mo. 476. The record may be amended at a subsequent term, from the judge's docket (*Robertson* v. *Neal*, 60 Mo. 579) ; or from the minutes of the clerk (*The State ex rel.* v. *Primm*, 61 Mo. 166) ; or where it is evident that the entry must have been a mere misprision of the clerk : as where, in a statutory proceeding, the statute provides the form of judgment where judgment is for defendant, and the clerk, in entering the judgment, departs from that form (*Lexington R. Co.* v. *Mockbee*, 63 Mo. 348) ; or where it appeared from some paper on file that the court had rendered a general judgment, and that the clerk had entered up a judgment award-

ing special execution. *Anitzer* v. *Smitz*, 21 Mo. 286. But the uniform ruling is, that such entries cannot be made from outside evidence, or from facts existing alone in the breast of the judge, after the end of the term at which final judgment was rendered. *Jones* v. *Hart*, 60 Mo. 356.

It is true that, in case of a court of common-law jurisdiction, in some cases where the court has directed an amendment of the judgment entry, though the evidence on which this amendment was ordered does not appear, the appellate court will presume that enough appeared on the judge's minutes, or otherwise on the record, to authorize the amendment. *Fletcher* v. *Coombs*, 58 Mo. 434. But such presumptions do not necessarily, therefore, exist in the present case in favor of a court of limited powers and statutory origin, such as our County Courts are declared to be. *Jefferson County* v. *Cowan*, 54 Mo. 237. Where a court of limited jurisdiction once possesses itself of a cause, and such fact affirmatively appears, every presumption and liberal intendment which pertains to the acts of courts of general jurisdiction immediately attaches to the acts and doings of the inferior tribunal; and where jurisdiction has once been acquired, no subsequent act, however irregular or erroneous, will divest it. *Ellis* v. *Jones*, 51 Mo. 186; 8 Mo. 257. But it would be going very far to say that a court of inferior jurisdiction may, more than a year after a judgment entry, so amend the entry as to state that proof had been taken, at the commencement of the proceedings, of a jurisdictional fact without which the whole proceedings were void. Even in regard to the Circuit Courts it is held that the ordinary presumption is, that the original judgment entry was the real judgment of the court, and not a misprision of the clerk. *Jones* v. *Hart, supra.* There is no pretence here that there was any memorandum, any judge's minute, or any paper in the case, from which the clerk could amend his entry; nor, from the character of proceedings before County Courts or of this proceeding, does it appear how there could have been.

The *nunc pro tunc* entry is not a correction of a mistake of the clerk, but the entry of a new order, authorized apparently by nothing, unless it be the memory of the judges, and a new view of what the original order should have been.

Whether the entry as made would have been sufficient if made at the inception of proceedings, we need not inquire. It does not now explicitly state that the petition was signed by twelve householders of the township through which the road runs, three of them of the immediate neighborhood, as the law requires.

It has uniformly been held that, in proceedings to exercise the right of eminent domain and take the property of the citizen against his will, the utmost strictness is required to give validity to the proceedings; that unless it appear that every essential prerequisite of the statute conferring authority has been fully complied with, every step is *coram non judice;* and that every jurisdictional fact should appear on the face of the proceedings. 61 Mo. 33; 51 Mo. 200.

For the reason given, we think the judgment should be reversed and the proceedings dismissed; and it is so ordered. Judge Lewis is absent. Judge Hayden concurs.