In the Matter of THE PETITION OF G. M. GARDNER
*et al.* FOR A PUBLIC ROAD.

St. Louis Court of Appeals, May 20, 1890.

1. **Practice, Appellate:** ABSENCE OF MOTION FOR NEW TRIAL IN
PROCEEDINGS TO OPEN COUNTY ROADS. The rule that, in the absence
of a motion for a new trial, only such questions can be raised in
this court as are presented by the record proper is applicable to
proceedings for the opening of a county road ; the jurisdiction of
the county court, and consequently of the circuit court on appeal,
may, in such a case, be contested on the record proper, but not the
question, whether the proposed road is a public necessity. ·

2. **Proceedings to Open County Roads.** The petition in a pro-
ceeding for the opening of a county road is not required to specify
the width of the proposed road, nor need the report of the road
commissioner or the record of the proceeding show that an attempt
was made with land-owners refusing to relinquish the right of way
to agree as to the amount of compensation.

3. ———— : AVERMENT IN RECORD OF NOTICE OF APPLICATION. A mere
recital in the records of the county court of the proceedings for
the opening of a county road, that it was "proven to the satisfac-
tion of the court that due legal notice has been given of the
intended application to this court for said road," is insufficient in a
direct proceeding, such as an appeal from an order for the opening
of the road, to establish the jurisdiction of the county court.

4. ———— : AMENDMENT NUNC PRO TUNC OF RECORDS OF COUNTY COURT
AFTER LAPSE OF TERM. The county court may, after an appeal
from its order opening a county road, and, after the lapse of the
term at which such order was made, correct its records by a *nunc
pro tunc* entry, so as to show jurisdictional facts, if there is a suffi-
cient memorandum on the minutes and records of the court, show-
ing the facts appearing from such amendment.

*Error to the Marion Circuit Court.*—HON. THOS. H.
BACON, Judge.

· AFFIRMED.

*H. J. Drummond*, for plaintiffs in error.

(1) The court erred in overruling the motion to quash and dismiss the proceeding, because the road is not a public necessity. Laws, 1887, sec. 7, p. 246 ; *Leslie v. Railroad*, 2 Mo. App. 115 ; *Leslie v. St. Louis*, 47 Mo. 474. It is not enough to justify a court in exercising the right of eminent domain, that the use is convenient, useful or even essential. It can only be done on grounds of absolute necessity. *Leslie v. St. Louis, supra ; County Court v. Griswold*, 58 Mo. 175, 193 ; Mills on Eminent Domain, secs. 10, 12, pp. 94–96. And this is a jurisdictional fact. *People v. Town of Seward*, 27 Barb. 94 ; *Wilson v. Witsell*, 24 Ind. 306 ; Road Laws, 1887, sec. 9. (2) There was no such notice given of the intended application to the county court for the road as the law requires. The record, before the amended *nunc pro tunc* entries, did not show how the notice was given. That it was "due legal notice" is not sufficient. Acts, 1887, sec. 6, p. 246 ; *Railroad v. Young*, 96 Mo. 39, and cases cited. The notice was signed by only four of the petitioners. There should have been twelve. The notice did not contain the description of any land. This was necessary to inform the owners how they were to be affected. *State v. Elizabeth*, 32 N. J. L. 357 ; Mills on Em. Dom., sec. 100, p. 253 ; *Railroad v. Kellogg*, 54 Mo. 334. (3) The width of the road was not determined by the county court. This authority is in the court exclusively. Session Acts, 1887, sec. 2, p. 246 ; *Jefferson County v. Cowan*, 54 Mo. 236. The width of the road was not referred to in the petition, notice or any order made by the court, but was determined by the road commissioner. He had no authority to do it. Acts, 1887, sec. 2, p. 246 ; *Butler v. Barr*, 18 Mo. 357. (4) Neither the record nor report of the county road commissioner shows that there was any attempt made to

agree with plaintiffs in error as to the amount of damages or compensation they demanded for their lands, nor that there was any negotiations or conference with them on the subject, nor what was done in regard to the matter between them. This the record must show affirmatively. Nothing should be left to inference. *Railroad v. Young, supra ; Lind v. Clemens*, 44 Mo. 540 ; *Leslie v. St. Louis, supra ; Ellis v. Railroad*, 51 Mo. 200-203 ; *Moses v. Dock Co.*, 84 Mo. 245 ; *Cunningham v. Railroad*, 61 Mo. 33 ; *Railroad v. Campbell*, 62 Mo. 585 ; *Graff v. St. Louis*, 8 Mo. App. 562 ; Mills on Em. Dom., sec. 107, pp. 259 and 260. The law ( Acts, 1887, sec. 6, p. 246, amended ) required that this should be done, and the county court ordered it. The purpose of this is that the amount demanded being known, the petitioners or the county court may pay it, and all further proceedings are ended. And, until this is done, there is no authority, no jurisdiction, in the court to do anything further. *Railroad v. Young, supra ; Ellis v. Railroad*, 51 Mo. 203 ; *Whitney v. County Court*, 73 Mo. 30 ; *Railroad v. Campbell, supra ; Cunningham v. Railroad*, 61 Mo. 35 ; *Rogers v. St. Charles County*, 3 Mo. App. 41 and 599 ; Mills on Em. Dom., secs. 105, 207, 259, 108, 261. Nor did the claim for damages waive the failure to obtain jurisdiction. *Johns v. Marion County*, 4 Oregon, 46 ; Mills on Em. Dom., sec. 388, p. 522. ( 5 ) The report of the three freeholders does not describe the tract of land on which they assessed the damage. This the law required. Acts, 1887, sec. 8, p. 247. ( 6 ) The county court had no power or authority to correct its record, by entries *nunc pro tunc*, showing that plaintiffs in error were in court when the petition was filed. It requires no citation of authorities on the point that jurisdiction cannot be given by consent. But the record could not be supplied in this way in this class of cases. *Anderson v. Pemberton*, 89 Mo. 61 ; *Blize v. Castlio*, 8 Mo. App. 294-5. There

was no memorandum or paper to correct by. *State ex rel v. Primm*, 61 Mo. 166 ; *Robertson v. Neal*, 60 Mo. 575.

*W. M. Boulware*, for defendants in error.

THOMPSON, J.—This was a proceeding in the county court of Marion county to open a public road. An appeal was taken to the circuit court where the appellants filed a motion to quash the proceedings, which motion the court overruled. This motion, and the ruling of the court thereon, are shown by a bill of exceptions. The court tried the cause without a jury, and rendered final judgment therein. No motion for new trial and no motion in arrest of judgment were filed. The cause is now brought to this court by a writ of error, and the error assigned is the overruling of the motion to quash the proceedings.

Although the bill of exceptions recites this motion, and shows that the court overruled it, and that the plaintiffs in error excepted to the ruling ; yet, as they did not renew their exceptions in a motion for a new trial, they are lost. *Bevin v. Powell*, 11 Mo. App. 216, and cases cited ; *Lionberger v. Baker*, 14 Mo. App. 353, 357 ; *Rankin v. Lawton*, 17 Mo. App. 574 ; *McLaughlin v. Schawacker*, 31 Mo. App. 375 ; *McCullom v. Hedges*, 20 Mo. App. 688 ; *Mockler v. Skellett*, 36 Mo. App. 174 ; *Gruen v. Bamberger*, 25 Mo. App. 89.

We cannot, in such a case, look beyond what appears on the face of the record proper. The motion to quash and the rulings thereon are no part of such record, but are matters of exception within the rule of the cases above cited. This has been often held in respect of motions to quash indictments. *State v. Fortune*, 10 Mo. 313 ; *State v. Batchelor*, 15 Mo. 207 ; *State v. Wall*, 15 Mo. 208 ; *State v. Gee*, 79 Mo. 313. The reason given by the supreme court is that indictments may sometimes be quashed for matters not appearing on

their face.   The same reason applies, and with stronger
force, to a case where the motion is to *quash proceed-
ings* in a case appealed from an inferior judicatory, like
the county court, to the circuit court.

But, while the motion to quash in itself raises no
question which we can consider, it is competent for the
plaintiff in error to assign for error, upon the record
proper, that the county court had no jurisdiction.
*State v. Lawrence*, 45 Mo. 492 ; *Ellis v. Railroad*, 51
Mo. 203 ; *Rogers v. City of St. Charles*, 3 Mo. App.
41 ; *Kansas City, etc., Railroad v. Campbell*, 62 Mo. 588.
As the printed argument of the appellant is chiefly
directed to jurisdictional questions we shall treat it as
an assignment of error, on the record proper, that the
county court had no jurisdiction.

But, in dealing with this question, it must be
remembered that this is not a *certiorari*, the object of
which is to quash the proceedings and judgment of the
county court, but that it is a statutory appeal, in which
the circuit court proceeds to hear and determine the
controversy anew, with the single exception that it can-
not appoint a new commissioner ( Laws of 1887, p. 248),
which we understand to mean that the circuit court
cannot direct a resurvey of the road, but that the pro-
ceedings prescribed by the seventh section of the stat-
ute to be taken by the road commissioner in surveying
the road, taking the relinquishments of land-owners,
etc., must be taken in substantial compliance with the
statute, in order to give the circuit court jurisdiction to
proceed.   If, therefore, the county court had what we
may term *initial jurisdiction*, that is, jurisdiction to
hear and determine the petition for the establishment
of the road, and if the road commissioner proceeded in
substantial conformity with the statute in taking the
relinquishments of land-owners, etc., the circuit court
had jurisdiction to hear and determine it *de novo*.   The

county court had such jurisdiction, provided the petition, which was presented to it, was such a petition as is required by section 5 of the general road law ( Laws of 1887, sec. 5, p. 246 ), and provided the notice required by section 6 of the same act was given; and provided the steps provided by the seventh section of the statute were taken. That section provides : " The court shall, when such a petition is presented and publicly read, and upon proof of notice having been given as required by the next preceding section, hear the remonstrance of twelve or more freeholders residing in the township or townships through which the proposed road may run, and such witnesses as the respective parties may produce, in regard to the public necessity and the practicability of the proposed road or change of road, and, if the court shall be of the opinion that the facts in the case justify it, may make an order of record requiring the county road commissioner to view, survey and mark out such road." On the other hand, if the petition for the establishment of the road was not such a petition as is prescribed by the statute, and if the statutory notice was not given, and if the commissioners did not comply with the provisions of section 7 of the act, then the county court had no jurisdiction to establish the road ( *Daugherty v. Brown*, 91 Mo. 26 ; *Anderson v. Pemberton*, 89 Mo. 61 ), and hence the circuit court acquired no jurisdiction by the appeal. With these preliminary observations we shall proceed to consider the points insisted upon in argument by the plaintiffs in error.

I. The first of these points is that the court erred in overruling the motion to quash the proceedings, because the proposed road is not a *public necessity*. It seems to be a sufficient answer to this to say that whether the proposed road was a public necessity was a question which, by the terms of the statute ( Laws of 1887, sec. 7, p. 247 ), the county court was required to

determine and decide. upon the hearing of *evidence.* It was not, therefore, a jurisdictional question, in the sense that its erroneous decision would prevent the circuit court from acquiring jurisdiction by the appeal to determine it rightly upon the hearing *de novo.*' It is evident from the language of section 10 of the road law which gives an appeal from the judgment of the county court, "assessing damages, or for *opening,* changing or vacating any road," and which provides that "the circuit court shall be possessed of the *cause,* and shall proceed to hear and determine the same anew," that it was intended by the legislature that the circuit court should have jurisdiction on the appeal to retry the question of the necessity of the road.

II.   The same observations may be made upon the point made in argument by the counsel for the plaintiffs in error that the width of the proposed road was not fixed by the county court, as required by the statute, but was left to be fixed by the county surveyor acting as road commissioner.   This point does not seem to be borne out by the record, when the orders of the county court are read together.   It is to be collected from the report of the surveyor, which shows that he laid out a road sixty feet wide, from the order of the county court directing commissioners to assess damages for a strip of land sixty feet wide, from the report of the commissioners, which shows that damages were assessed for the taking of a strip of land sixty feet wide, and from the order of the county court establishing "*said* road," that the road which was established was a road sixty feet wide.

Nor is it a sound argument that the omission of the petition to state the width of the proposed road is the omission of the statement of a jurisdictional fact, because section 5 of the act, which prescribes what the petition shall state, provides merely that it shall specify "the proposed beginning, course and termination" of

the road, and does not require that it shall specify its width.

III. The fourth point made by the plaintiffs in error in their argument is, that neither the record nor the report of the road commissioner shows that any attempt was made to agree with the plaintiffs in error as to the amount of damages or compensation to be paid them for their lands, etc. We find no provision in the statute authorizing the road commissioner to endeavor to agree with the land-owners as to the amount of compensation which they shall receive. The seventh section of the statute ( Laws of 1887, p. 247 ) authorizes him to take the relinquishment of the right of way of all persons, who may give such, and to state in his report the names of those who fail or refuse to give the right of way, and the amount which they demand therefor, etc. It was held in *Chicago, etc., Ry. Co. v. Young,* 96 Mo. 39, 43, that it is only upon failure of a land-owner or land-owners to relinquish, as provided for in section 6938 of the Revised Statutes of 1879, which was similar in its terms to the eighth section of the act of 1887, that the county court has any authority to appoint three freeholders to view the premises and assess the damages ; and the court said that the failure of the owner to relinquish was a jurisdictional fact. Applying this principle to the record before us, we are of opinion that the commissioners' report, as recited in the record of the county court, sufficiently shows the facts required by the statute. It appears from those recitals that "all persons have relinquished the right of way for said road, except the heirs of the John Taylor estate, viz.: William J. Taylor, Frank Sherman and Dr. D. W. Tindall, and that said heirs of said estate, viz.: William J. Taylor, Frank Sherman and Dr. D. W. Tindall, through whose lands said proposed road shall run, still refuse to relinquish the right of way for the same." The order of the court then proceeds to appoint commissioners to view the premises and

assess the damages of the persons named who refused to relinquish the right of way.

IV. The second and seventh points made in argument by the counsel for the plaintiffs in error present less difficulty, and will be considered together. These are: *First.* That the record of the county court, originally sent up to the circuit court, did not show that a notice had been given of the application to the county court for the proposed road, as required by section 6 of the act of 1887, and, *second,* that this defect in the record of the county court could not be supplied by amending its record *nunc pro tunc,* while the appeal was pending in the circuit court. The record of the county court, as originally sent up to the circuit court, contained a recital running in this language: "And it being proven to the satisfaction of the court that due legal notice has been given of the intended application to this court for said road." In the circuit court the appellees moved for a *certiorari* to the county court to send up a more perfect record, which order was granted. The county court, in obedience to the *certiorari,* returned an amended record, the recitals of which showed that, after the appeal had been taken from the county court to the circuit court, the petitioners for the proposed road appeared in the county court, and moved to have the court make certain amendments of its record in respect of the proposed road, *nunc pro tunc,* a portion of which amendments the court ordered to be made, and another portion of which the court refused, reciting the following reason: "There being no mark, minute or memorandum among the records of said court to authorize the other entries prayed for in said motion." Among the amendments thus made was one showing the *manner* in which the notice of the application for the proposed road had been given. The statement of the manner in which the notice had been given was prefixed with the recital: "There being sufficient memorandum on the minutes and record of the court to show the

fact." It then set out the fact of the notice of the presentation of the petition for the proposed road, showing that it was signed by four persons. It also set out the affidavit of one of these persons, George W. Gardner, to the effect that on the eleventh day of April, 1888, he put up two copies of the notice in the municipal township of Fabius, in Marion county, one of them at the beginning of the proposed road, on a certain bridge named, said bridge being a public place, and the other upon a certain blacksmith's shop described, the same being a public place in said township. It also set out the affidavit of Edward W. Gardner, to the effect that he put a copy of the notice, on the twelfth day of April, 1888, at the proposed termination of the road, upon a certain telephone tower, described in the notice, the same being a public place and within the townships of Fabius, etc.

The record returned by the county court, in obedience to the *certiorari*, also showed that the motion to amend its record *nunc pro tunc* was sustained "in this, to-wit: H. J. Drummond, attorney for the contestants Daniel W. Tindall, William J. Taylor and Frank Sherman, appearing and admitting the fact that the said contestants, in their own proper persons, as well as by attorney, did appear in court at the time of the filing of the petition and notice, and objected to the establishment of said road and to any action by the court thereon, it is, therefore, ordered and adjudged that, immediately after the word 'petition' in the fourth line of the record of the proceedings in said case, on page 107, of book O, of the county court record, the following be inserted *nunc pro tunc:* 'Also come Daniel W. Tindall, William J. Taylor and Frank Sherman in their own proper person, as well as by their attorney, H. J. Drummond.'"

The record does not disclose the fact that any exception was taken to the order of the circuit court in

sending its *certiorari* to the county court to send up a more perfect record, nor to the filing in the circuit court of the amended record returned by the county court in obedience to the *certiorari*. We only know that such proceedings were had by that portion of the record outside the bill of exceptions. Indeed, the bill of exceptions relates only to the action of the circuit court in overruling the motion to quash the proceedings of the county court, and this motion to quash does not challenge in any way the record which the county court returned in obedience to the *certiorari*, as being the proper record of that court. On the other hand, the motion and order for a *certiorari* were subsequent in point of time to the filing of the motion to quash, and were no doubt produced by that motion.

We have, therefore, to consider whether we are precluded from considering so much of the record of the county court as is shown by that record itself, as returned in obedience to the *certiorari* of the circuit court, to have been made by amendments *nunc pro tunc* after the lapse of the term at which the original record was made. The proposition of the plaintiffs in error on this point is that, after the lapse of its term, the county court had no power to amend its record. It was held by this court in *Blize v. Castlio*, 8 Mo. App. 290, in a well-considered opinion by Judge BAKEWELL, that the county court in a proceeding under a road law (in that case the act of 1877, page 393), to open a new road, cannot, after the lapse of the term, correct its record by a *nunc pro tunc* entry, so as to show jurisdictional facts, without some memorandum, entry or paper in the case to amend by. This, as shown by the citations in the opinion, and by many decisions of the supreme court and of this court before and since, is also the rule in regard to the amendment of the records of the circuit court. This rule is undoubtedly sound, but it does not apply to the present case ; for here it

does appear from the recitals in the record of the county court, that, in so far as the amendment related to the posting of the statutory notices, there was "sufficient memorandum on the minutes and records of the court to show the fact." The fact that an appeal to the circuit court was pending did not deprive the county court of jurisdiction to amend its own record. It has been frequently held that an appeal from a judgment of the circuit court to the supreme court or to this court does not deprive the circuit court of the power of correcting its record. In such a case the circuit court loses jurisdiction of *the case*, but not of *its records*. *DeKalb County v. Hixon*, 44 Mo. 341; *Jones v. Ins. Co.*, 55 Mo. 342; *Gamble v. Daugherty*, 71 Mo. 599.

Next, as to the sufficiency of the record, as amended, on the jurisdictional point of notice. Our successive road laws appear to have been substantially the same, in so far as containing a provision requiring notice of the intended petition for a road to be posted in a certain manner. In *Blize v. Castlio, supra*, the jurisdiction of the county court was challenged on the ground that the record did not show a petition stating the necessary jurisdictional facts, but it was not challenged on the ground that it did not show that notice had been given in the prescribed manner. There, the recital was, as in the original record before us: "And it being proven to the satisfaction of the court that due legal notice has been given of the intended application to this court for such road." In *Daugherty v. Brown*, 91 Mo. 26, the proceeding was to enjoin the establishment of the proposed road on the ground of want of jurisdiction, and the jurisdiction was challenged on the ground, among others, that it did not appear that notice had been given in compliance with section 6936 of the Revised Statutes of 1879. The record of the county court recited, as did the original petition in this case, "that it had been proved, to the satisfaction of the

court, that due legal notice had been given" of the intended application. The court held that the proceedings were "regular enough," and distinguished the case of *Whiteley v. Platte County*, 73 Mo. 30, and others like it, on the ground that it did not appear in those cases that the required notice had been given. But in the later case of *Chicago, etc., Ry. Co. v. Young*, 96 Mo. 39, 43, a distinction was taken between a recital necessary to uphold the record upon a collateral attack and one which is necessary on a *certiorari*. The court said that "the writ of *certiorari* is in the nature of a writ of error, and operates in a similar way. By it, errors which might not be fatal in a collateral proceeding may be the basis of redress." In that case, which was a proceeding by *certiorari*, the court held that it must affirmatively appear by the record of the county court that notice of the intended application for the road had been given by handbills, etc., for twenty days, etc., as required by the then governing statute ( Revised Statutes, 1879, sec. 6936 ). The court added : "The statement in the order reciting the fact of the filing of the petition, that due legal notice of the intended application was proved, does not meet the requirements of the statute, nor cause the necessary facts to *affirmatively appear*." As this is a matter that is essential to show the jurisdiction of the county court to proceed at all, the rule must be the same on appeal as on a *certiorari*. We must assume, therefore, that, by the record of the county court, as originally returned to the circuit court, this jurisdictional fact did not affirmatively appear ; but, as it was made affirmatively to appear by the amended record as returned in obedience to the *certiorari*, the rule of the supreme court thus laid down has been complied with.

Then as to so much of the amended record above set out as recited the fact of the appearance of the remonstrants ( plaintiffs in error ) in the county court

in their proper persons, as well as by attorney, at the time of the filing of the petition and notice, etc., we take it that this was not the recital of a jurisdictional fact at all. If it could be regarded as the recital of a jurisdictional fact, the jurisdiction was not the jurisdiction of the subject-matter, but rather of the person, which jurisdiction may be waived or conferred by consent, and hence shown by consent.

We are, therefore, of opinion that the judgment of the circuit court ought to be affirmed. It is so ordered. All the judges concur.