## THE STATE v. EMERSON, Appellant.

### (No. 1.)

### Division Two, May 16, 1905.

INFORMATION: Amendment. The prosecuting attorney has the right both at common law and under the statute, to amend an information in matter of form and substance, at any time before trial, by leave of court. And the amendment of an information by filing the verification is good without refiling of the information, and such amendment will be presumed, in the absence of objection or exception, to have been made with the consent of the court.

Appeal from Greene Criminal Court.—*Hon. J. J. Gideon,* Judge.

AFFIRMED.

*Wright Bros. & Blair* for appellant.

Appellant contends that, since the information was not refiled, there was nothing in the record upon which to place the defendant on trial. The omission to refile the information was not the fault of the appellant.

*Herbert S. Hadley,* Attorney-General, and *John Kennish,* Assistant Attorney-General, for the State.

GANTT, J.—This is an appeal from the judgment of the criminal court of Greene county. This prosecution was begun by information filed with the clerk of the criminal court of said county on the 29th of October, 1903. The crime charged was grand larceny, the stealing of a cow in Greene county, on the 9th of October, 1903.

The defendant asked for a continuance, and it was granted. At his request a special venire was summoned. He was duly arraigned and entered a plea of not guilty, and was tried and convicted and his punishment assessed by the jury at two years' imprisonment in the penitentiary. No bill of exceptions was filed in the cause, and hence the only errors we can examine and review are those found in the record proper. In this court the one error upon which counsel seek to reverse the judgment is that the information was not verified as required by sections 2477 and 2478, Revised Statutes 1899, as amended by the Acts of March 13, 1901 (Laws 1901, pp. 138 and 139).

The contention of counsel is that, because it appears that the information was filed on the 29th of October and not verified until the 28th of December, 1903, therefore, the information was a nullity unless refiled. There is no merit in this position; the information was ample and sufficient without the affidavit, if the defendant saw fit to waive the verification, but the prosecuting attorney clearly had the right, both at common law and under section 2481, Revised Statutes 1899, to amend his information in matter of form or substance at any time by leave of the court before the trial, and it appears that the prosecuting attorney did amend the information on the 28th of December, 1903, three months before the defendant was arraigned and put

upon his trial, and for aught that appears no objection or exception was made to the amending of the information, and every presumption must be indulged that the amendment was made by and with the consent of the court in which it was pending. The objection urged could only have availed the defendant under any circumstances by a timely motion to quash and that motion properly saved, by an exception, if overruled. As all the other steps in the case were regular, and as no error appears in the record proper, the judgment of the criminal court must be and is affirmed. *Burgess, P. J.,* absent; *Fox, J.,* concurs.