THE STATE OF MISSOURI vs. JOHN BATCHELOR,

AND

THE STATE OF MISSOURI vs. SOLOMON G. KITCHEN,

## APPEALS from Stoddard Circuit Court.

LACKLAND, for the State, in the case of Batchelor.

The court erred in sustaining the motion to quash the indictment. The indictment is in the language of the statute containing the offence, and is therefore sufficient.

The description of the weapon is sufficient to show that it was a deadly weapon, with the means and force likely to produce death or great bodily harm, which suffices for allegations to that effect in the indictment: Jennings vs. The State, 9 Mo. 863.⋅

But supposing that the offence described in § 34 Art. 2 of the act concerning crimes and their punishments, Rev. Code 1845 p. 350, be insufficiently set forth in the indictment it is submitted that the offence described in the 37 section of the same act, is sufficiently set forth, and for that reason the court below ought not to have quashed the indictment.

LACKLAND, for the State, in the case of Kitchen.

The court below erred in quashing the indictment. This court is referred to the brief filed by the State in the case of Richard Wall, submitted at the present term of this court.

The State vs. Wall.

RYLAND, J., delivered the opinion of the court.

The indictments were quashed in both of these cases, and the circuit attorney excepted to the opinion of the court in each case, as he did in the case of the State against Richard Wall, just decided by this court, without tendering or filing any bill of exceptions. These cases then are justly within the principles set forth in the opinion of this court in the above case of State vs. Wall, to which we refer.

The judgment in each is affirmed, the other judges concurring.

---

STATE OF MISSOURI, APPELLANT, VS. WALL, RESPONDENT.

