The State v. Gee.

THE STATE, *Plaintiff in Error*, v. GEE.

| 79 | 313 |
|---|---|
| 39a | 332 |
| 40a | 370 |
| 41a | 592 |
| 79 | 313 |
| 109 | 293 |
| 79 | 313 |
| 114 | 34 |
| 79 | 313 |
| 63a | 628 |
| 79 | 313 |
| 137 | 259 |
| 79 | 313 |
| 141 | 598 |
| 79 | 313 |
| 149 | 448 |

**Practice, Criminal**: MOTION TO QUASH: BILL OF EXCEPTIONS. A motion to quash an indictment not being a part of the record proper, in order to obtain a review of the action of the trial court in ruling on such a motion, it must be embodied in a bill of exceptions.

*Error to Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*D. H. McIntyre*, Attorney General, for the State.

*Edwards & Davison* for defendant in error.

HOUGH, C. J.—The defendant was indicted for receiving stolen goods knowing them to have been stolen. On motion of the defendant the circuit court quashed the indictment, and the State brings the case here by writ of error. No bill of exceptions having been filed in this cause, preserving the motion to quash, we cannot review the action of the court below in sustaining the motion. Motions to quash are not regarded as a part of the record proper, as indictments may sometimes be quashed for causes not appearing on the face thereof. *State v. Fortune & Hannan*, 10 Mo. 466; *State v. Batchelor*, 15 Mo. 207; *State v. Wall*, 15 Mo. 208. Having before us in contemplation of law only the indictment and the judgment of the court quashing the same, as it might have been quashed for causes not appearing on its face, we cannot say that the court erred in its ruling.

The judgment of the circuit court must, therefore, be affirmed. The other judges concur, except, Judge HENRY, who dissents.