The State, *Appellant*, v. Fraker.

Division Two, February 2, 1897.

Appellate Practice: MOTION TO QUASH INDICTMENT: BILL OF EXCEPTIONS. A motion to quash an indictment must be preserved in the bill of exceptions in order that the action of the trial court thereon may be reviewed on appeal.

*Appeal from Ray Circuit Court.*—Hon. E. J. Broaddus, Judge.

Affirmed.

*R. F. Walker*, attorney general, and *J. L. Farris, Jr.*, prosecuting attorney, for the state.

*James L. Farris, Sr., A. S. Lyman, John Dougherty*, and *Lavelock, Kirkpatrick & Divelbiss* for respondent.

Gantt, P. J.—This is an appeal by the state of Missouri from a judgment of the circuit court of Ray

county quashing an indictment against the respondent. The indictment was discussed with much ability by both sides.   The case has some very unusual features and has excited much interest, particularly in its legal aspects.   The motion to .quash the indictment was sustained.  The prosecuting attorney filed no bill of exceptions and the motion to quash the indictment was not therefore made a part of the record.   That we may not be misunderstood we state that the clerk has copied the different motions to quash into the transcript certified to this court and the record proper recites in the order overruling the motion that the prosecuting attorney at the time excepted to the ruling of the court but this action of the clerk in voluntarily copying these motions into the transcript does not make them a part of the record in a legal sense nor does the noting of the exception on the record proper preserve it for review by this court.   The motion to quash must be preserved in a bill of exceptions or its sufficiency can not be considered by this court.   *State v. Fortune*, 10 Mo. 466; *State v. Wall*, 15 Mo. 208; *State v. Gee*, 79 Mo. 313; *State v. Thruston;* 83 Mo. 271; *State v. Vincent*, 91 Mo. 662; *State v. Henderson*, 109 Mo. 292.

It follows that the judgment of the circuit court must be and it is affirmed.   SHERWOOD and BURGESS, JJ., concur.