THE STATE, *Appellant*, v. WILHOIT.

Division Two, February 16, 1898.

1. **Appellate Practice:** MOTION TO QUASH AN INDICTMENT: NO BILL OF EXCEPTIONS.  A motion to quash an indictment must be preserved in a bill of exceptions in order that the action of the trial court thereon may be reviewed on appeal.

2. ———: ———: COPYING IN TRANSCRIPT BY CLERK.  The copying of the motion to quash an indictment, in the transcript by the clerk, when no bill of exceptions is taken, does not make it a part of the record.

*Appeal from 'Greene County Criminal Court.*—HON. J. J. GIDEON, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) On account of the prosecuting attorney's failure to prepare the bill of exceptions this case must be affirmed without going into the merits or demerits in reference to the sufficiency of the indictment. *State v. Fraker*, 137 Mo. 258.

*T. J. Delaney* and *W. D. Tatlow* for respondent.

(1) As the motion to quash is not preserved in the bill of exceptions, it can not be considered by the court. *State v. Fortune*, 10 Mo. 466; *State v. Wall*, 15 Mo. 208; *State v. Gee*, 79 Mo. 313; *State v. Thurston*, 83 Mo. 271; *State v. Vincent*, 91 Mo. 662; *State v. Henderson*, 109 Mo. 292; *State v. Fraker*, 137 Mo. 258.

GANTT, P. J.—This is an appeal by the State from a judgment of the circuit court of Greene county quashing an indictment on the motion of the defendant.

No bill of exceptions was taken by the prosecuting attorney or signed by the judge and the said motion has not therefore been made a part of the record. The copying of the motion to quash in his transcript to this court by the clerk did not make it a part of the record. *State v. Fraker*, 137 Mo. 258.

It follows the judgment must be and is affirmed. SHERWOOD and BURGESS, JJ., concur.