## THE STATE v. COLEMAN, Appellant.

### Division Two, November 20, 1906.

1. **INFORMATION: Amendment.** An information may be amended as to matter of form or substance at any time before trial, by leave of court.

2. **———: Motion to Quash: Not Part of Record.** A motion to quash an information is not a part of the record proper, and must, therefore, be embodied in the bill of exceptions in order to be reviewed.

3. **CONTINUANCE: Absent Witness: Impeaching Witness: Evidence at Former Trial.** An application for a continuance on the ground of absent witnesses is properly overruled where the evidence of such witnesses could be used only for the purpose of impeachment, and their evidence at a former trial is preserved in the bill of exceptions, and could be read by the defendant.

4. **EVIDENCE: At a Former Trial: Witness Present.** Where a witness is present in the court room, his evidence taken at a former trial and preserved by bill of exceptions is inadmissible.

5. **SPECIAL COUNSEL FOR STATE: Right to Make Closing Argument.** Special counsel for the State may occupy any position in the trial assigned to him by the court and the prosecuting attorney, and he has the right to make the closing argument to the jury.

Appeal from Chariton Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*Johnson & Johnson* and *Ball & Sparrow* for appellant.

(1) The court erred in refusing to quash the amended information for the reason that the original information only charged manslaughter and could not be so amended as to charge murder. (2) Court erred in permitting J. A. Collet, assistant hired counsel, to close the argument for the State over the objection and protest of the defendant. (3) To overrule defendant's application for a continuance on the ground that the evidence of a witness in the former trial of the case which defendant desired to impeach had been preserved in the bill of exceptions and could be read by the defendant on the trial of the case then pending, and then refuse to allow such testimony to be read when offered by defendant, was to trap the defendant into answering ready for trial, and place him at the mercy of a hostile witness called by the State.

*Herbert S. Hadley,* Attorney-General, and *John Kennish,* Assistant Attorney-General, for the State.

(1) The ruling of the court on a motion to quash is a matter of exception, and unless made a part of the record by bill of exceptions, will not be reviewed by this court. State v. Finley, 193 Mo. 210. (2) An information or affidavit may be amended in matter of form or substance at any time by leave of court before trial, and the filing of an amended information and affidavit in this case to cure the defect in the original was in effect authorized by the decision of this court on the former appeal. Sec. 2481, R. S. 1899; State v. Coleman, 186 Mo. 166; State v. Broeder, 90 Mo. App. 167; State v. Vinso, 171 Mo. 576; State v. Emerson, 188 Mo. 412. (3) The court did not err in overruling the defendant's application for a continuance. The applica-

199 Sup.—8

tion was based upon the absence of two witnesses for the defendant, namely, Miss Quinn Shannon, the stenographer on the former trial of this case, and Wallace Fletcher. The evidence of the former, as stated in the application, could be material only for the purpose of impeaching Henry Gottschalk, Sr., a witness for the State on the first trial. Fletcher had testified on behalf of the defendant at the first trial, and the evidence of both Gottschalk and Fletcher on the former trial was preserved by bill of exceptions. Under the statute, such evidence could be used by the defendant "in the same manner and with like effect as if such testimony had been preserved in a deposition in said cause." The presence of the stenographer, therefore, was not necessary for the purpose of impeaching Gottschalk. Section 3149, R. S. 1899. This section authorizes the reading of evidence so preserved by bill of exceptions in the same manner and with like effect, etc., as in the case of a deposition. As witness Gottschalk, whose testimony on the former trial the defendant offered to read, was present in the court room at the time of such offer, his former testimony so preserved was not admissible. Sec. 2904, R. S. 1899; Schmitz v. Railroad, 119 Mo. 271. (4) The court did not err in permitting J. A. Collet, counsel assisting in the prosecution, to make the closing argument to the jury over the defendant's objection. State v. Stark, 72 Mo. 37; State v. Robb, 90 Mo. 30.

FOX, J.—This cause is here upon appeal from a judgment of the circuit court of Chariton county convicting the defendant of murder of the second degree. This case was in this court on a former appeal, and is reported in 186 Mo. at page 151. On that appeal it was held by this court that the information on which the defendant was tried and convicted was defective, in that in the concluding part thereof the prosecuting attorney omitted to use the words "upon his oath," which were held essential in charging the crime of murder in the

first degree. The case was then reversed and remanded for a new trial.

After the reversal and remanding of said cause to the circuit court of Chariton county, at the September term, 1905, of the circuit court of said county, the prosecuting attorney of said county filed an amended information, based upon an amended affidavit of Robert Cox, charging the defendant with the crime of murder in the first degree for the killing of Rufus Cox by shooting him with a revolver at the said county on the 8th day of August, 1903. At the same term of said court the prosecuting attorney entered a *nolle prosequi* as to the charge of murder in the first degree, and elected to prosecute the defendant on the charge of murder in the second degree. At the February term, 1906, of said court, the defendant filed a motion to quash the information, which motion being overruled by the court the defendant filed an application for a continuance which was also overruled. The defendant then waived formal arraignment, entered a plea of not guilty and was put upon his trial.

It is conceded by both respondent and the appellant that the facts upon the former appeal are sufficiently stated to enable the court upon this appeal to determine the legal propositions disclosed by the record; therefore, we deem it unnecessary to burden this opinion with a re-statement of the evidence, and shall content ourselves with referring to the case of State v. Coleman, 186 Mo. 151, where the controlling facts of this cause are fully recited.

At the close of the evidence the court gave 21 instructions, ten on behalf of the State and eleven on behalf of the defendant, and there were five other instructions requested by the defendant which were by the court refused. We have carefully read all of the instructions given and those refused in this cause and as the law applicable to this case was so fully discussed on the former appeal we see no necessity for burdening this

opinion with a reproduction of the instructions given, or those refused.

Upon the submission of the cause to the jury they returned a verdict finding the defendant guilty of murder of the second degree and assessing his punishment at imprisonment in the penitentiary for a term of twelve years. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Sentence and judgment were rendered by the court in accordance with the verdict, and from this judgment the defendant prosecuted this appeal and the record is now before us for consideration.

## OPINION.

In the brief of appellant it is urged:

First. That the court erred in refusing to quash the amended information filed by the prosecuting attorney after said cause was remanded to the Chariton Circuit Court.

Second. That the court erred in denying the appellant's application for a continuance.

Third. That the court erred in permitting counsel who had been employed in the case to assist the State's representative to close the argument for the State over the objections and protests of the defendant.

The complaints as indicated above substantially embrace all the assignments of error contained in the brief of counsel for appellant. This cause having been before this court upon a former appeal, where the law and the facts were so fully discussed, doubtless furnishes a very good reason why learned counsel for appellant have limited their complaints of error to so few in number. We will treat the assignments of error accordingly as they are herein indicated.

## I.

Upon the first proposition appellant complains that the court erred in overruling the defendant's mo-

tion to quash the first amended information. The record discloses that at the September term, 1905, the prosecuting attorney, in  open court and by leave of court in the presence of the defendant and his counsel, filed the amended information upon which defendant was tried and convicted in the case at bar. On the same day that this information was filed the prosecuting attorney elected to prosecute for murder in the second degree. The defendant waived the service of a certified copy of the amended information; waived the time for entering his plea thereto, and also waived formal arraignment and entered a plea of not guilty. At the February term, 1906, the defendant withdrew his plea of not guilty and filed his motion to quash the amended information on the grounds: (1) because the original affidavit and information only charged the defendant with the crime of manslaughter, whereas the amended affidavit and information charged murder in the first degree, a different offense, etc.; (2) because the amended affidavit and information were prematurely filed; and (3) because the first affidavit and information so filed did not charge the defendant with any offense against the law.

It was ruled in State v. Emerson, 188 Mo. 412, that the prosecuting attorney had the right, both at common law and under section 2891, to amend his information in matter of form or substance at any time, by leave of court, before the trial, and in this same case, upon the former appeal, it was clearly recognized that upon the remanding of this cause to the circuit court of Chariton county the prosecuting attorney would have the right to amend his information. BURGESS, J., speaking for this court, said in that case that ''the information is invalid, and being so, the question may be properly raised for the first time in this court, and while it cannot be amended in this court, it may be amended as to matter of form or substance at any time by leave of court before trial.'' But aside from the

undoubted right of the prosecuting attorney to file an amended information, the contention that the court erred in overruling the defendant's motion to quash the amended information must be ruled adversely to appellant, on the ground that the error complained of is not properly preserved by the record. Motions to quash informations or indictments form no part of the record proper, and therefore must be embodied in the bill of exceptions. [State v. Finley, 193 Mo. l. c. 210-211, and cases cited.]

It will be observed that the basis of this motion to quash is upon the ground that the original affidavit and information only charged the defendant with the crime of manslaughter, and therefore the prosecuting attorney had no right to file an amended information charging a higher grade of crime. The record in this cause nowhere discloses a preservation by bill of exceptions of the original affidavit and information, and the only information which is disclosed by the record is the amended information upon which the defendant was tried. This amended information forms a part of the record proper and as there is nothing appearing upon the face of the information or in the record which in any way renders it invalid, it must be held sufficient. [State v. Finley, supra.]

## II.

Upon the second proposition, as to the error complained of respecting the action of the court in overruling the application of the appellant for a continuance, it is sufficient to say that we have carefully read such application and all of the disclosures of the record in any way appertaining to it, and in our opinion there was no error in the action of the court in denying such application for a continuance. The application was based upon the absence of two witnesses for the defendant, Miss Quinn Shannon, the stenographer on the former trial of this cause, and Wallace Fletcher. It is manifest

upon the face of the application that the evidence of Miss Shannon could only be material for impeaching one Henry Gottschalk, Sr., a witness for the State on the first trial. Fletcher, the other absent witness, had testified on behalf of the defendant at the first trial and the evidence of both Gottschalk and Fletcher on the former trial was preserved by bill of exceptions. Under the provisions of section 3149, Revised Statutes 1899, the evidence so preserved in the bill of exceptions could be used by the defendant in the same manner and with like effect as if such testimony had been preserved in a deposition in said cause. The presence of the stenographer, therefore, was not necessary for the purpose of impeaching Gottschalk. But aside from all this, the record discloses that witness Fletcher, embraced in the application for continuance, did in fact appear and testify at this trial on behalf of the defendant, and it is further disclosed that Henry Gottschalk, Sr., the witness that appellant expected to impeach, did not testify as a witness for the State. It is therefore apparent that defendant was not prejudiced in any way by the ruling of the court upon such application.

Further complaint is made at the action of the court in refusing to permit counsel for defendant to read in evidence the testimony of Henry Gottschalk, Sr., taken at the former trial of the cause and preserved in the bill of exceptions. The law authorizing the reading of evidence preserved by bill of exceptions in a former trial is embraced in section 3149, Revised Statutes 1899. It authorizes the reading of evidence so preserved by bill of exceptions in the same manner and with like effect, etc., as in case of a deposition. The record discloses that witness Gottschalk, whose testimony on the former trial preserved in the bill of exceptions the defendant sought to introduce, was present in the court room at the time of such offer; therefore, it is clear that from these disclosures of the record, the witness being present in court, there was no error in denying the offer of

counsel for appellant to read from the bill of exceptions. The testimony of the witness Gottschalk in the bill of exceptions occupies the same position as though it was in a deposition, and where the deposition of a witness is taken, if it appears at the time the deposition is offered in evidence that the witness is personally present in court, the testimony as preserved by the deposition would be inadmissible. [Schmitz v. Railroad, 119 Mo. l. c. 271.]

## III.

This brings us to the consideration of the only remaining complaint suggested in the brief of counsel for appellant, that is, that the court erred in permitting J. A. Collet, counsel assisting in the prosecution, to make the closing argument to the jury, over the defendant's objections.

It was ruled by this court in case of State v. Stark, 72 Mo. 37, that if an assistant may be employed it follows that he may occupy any position in the trial of the cause assigned him by the prosecuting attorney. In that case the assistant counsel made both the opening and closing argument to the jury. In State v. Robb, 90 Mo. 30, it was held that it was not error for such counsel to make the opening argument to the jury, and we are unable to discover any sound reason for interpreting the provisions of section 2627, Revised Statutes 1899, as authorizing the assistant counsel to make the opening argument and prohibiting such counsel from making the closing argument. The language used in that section is that the prosecuting attorney must state the case, and that counsel for the prosecution shall conclude the argument. We take it that under the law counsel may be employed to assist the representative of the State and that the entire proceeding during the progress of the trial is under the immediate supervision of the court, and that the prosecuting attorney, as well as the counsel who may assist, in contemplation

of law, are representing the State in the prosecution, and while it may not harmonize entirely with the sense of propriety for the counsel who may have been employed to assist in the prosecution to take the leading part in the conduct and management of the trial, yet we are unwilling to say that counsel cannot be employed to assist in such trial, and that in the conduct and management of the trial, under the directions of the court and the prosecuting attorney, he may not occupy any position in the trial of the cause assigned to him. These rights of counsel who may have been employed to assist in the prosecution of cases have been fully recognized by this court, and this assignment of error must be ruled adversely to the appellant.

In the motion for new trial error is assigned upon the giving and refusing of instructions by the court. The record before us discloses that the law declared by the court in this prosecution was embraced in 21 or 22 separate and distinct instructions, and in our opinion every phase of this case to which the testimony was applicable was covered by the instructions given on the part of the court. It is manifest that some of the instructions given were in fact more favorable to the defendant than he was entitled to under a strict technical application of legal principles. The instructions refused by the court were properly refused. Some of them were fully covered by instructions given and others did not correctly state the law.

There is complaint at instruction No. 7 given on the part of the State. An instruction upon the subject embraced in instruction No. 7 was before this court in the former appeal of this cause. The misleading features of it were suggested by this court, and we have analyzed the instructions given upon the retrial and find that the suggestions as to the misleading features of the declarations of law upon that subject were heeded and the instruction made to conform to the suggestions of this court upon the former appeal.

There was ample evidence introduced on the part of the State, which, if believed by the jury, was clearly sufficient to support the verdict. The instructions of the court fully and fairly declared the law upon the facts developed. Two juries have presented their findings upon the evidence introduced, and after a most careful consideration of the entire record in this cause we are unable to discover any reversible error; hence, there is nothing remaining to be done except to announce our conclusion that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.