THE STATE v. J. B. (DUDE) FINLEY, Appellant.

Division Two, May 23, 1911.

APPELLATE JURISDICTION: Misdemeanor: Constitutional Question: Motion to Quash. Where defendant was convicted of a misdemeanor, and the only way any constitutional question was raised was by a motion to quash the indictment, and defendant in his motion for a new trial did not call the attention of the court to the alleged error in overruling his motion to quash, there remains no constitutional question in the case, and the Supreme Court has no jurisdiction of the appeal. A motion to quash is not a part of the record proper, and rulings thereon cannot be reviewed on appeal unless an assignment of them as error is made in the motion for a new trial.

Appeal from Callaway Circuit Court.—*Hon. N. D. Thurmond,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*D. M. Herring* and *W. S. Pope* for appellant.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

KENNISH, P. J.—Appellant was convicted in the circuit court of Callaway county of violating the Local Option Law and appealed from the judgment rendered against him.

The Attorney-General has filed a motion to transfer the cause to the Kansas City Court of Appeals, the grounds upon which said motion is based being that defendant was convicted of a misdemeanor, and did not, at any stage of the proceedings in the lower court, raise and preserve any constitutional question conferring upon this court appellate jurisdiction of the cause.

The record discloses that the only way in which any constitutional question was raised in the trial

court was by a motion to quash the indictment. In his motion for a new trial the defendant did not call the attention of the court to the alleged error in overruling the motion to quash.

A motion to quash an indictment or information is no part of the record proper and error of the court in overruling such motion must be preserved in the bill of exceptions. [State v. Coleman, 199 Mo. 112; State v. Finley, 193 Mo. 202; State v. Tooker, 188 Mo. 438.]

Error as to matters not appearing in the record proper, unless called to the attention of the trial court in the motion for a new trial, in order that the court may have an opportunity to correct its alleged error, will be held to have been waived and will not be considered on appeal. [State v. Grant, 194 Mo. 364; State v. Richardson, 194 Mo. 326; State v. Dilts, 191 Mo. 665.]

For the foregoing reasons and under the foregoing authorities we hold that this court has no jurisdiction of this appeal because no constitutional objection was properly raised and preserved for review in the trial court.

We have not overlooked the case of State v. Cowan, 146 Mo. App. 621. That case was transferred to this court because a constitutional question was raised in the trial court by a motion to quash. But the defendant, in his motion for a new trial, assigned as error the overruling of the motion to quash, thereby preserving for review the action of the court in overruling the motion to quash.

There being no constitutional question before the court on this appeal, the cause should be transferred to the Kansas City Court of Appeals for determination. It is so ordered.

*Ferriss, J.,* and *Brown, J.,* concur.