## THE STATE v. WILLIAM C. HUMFELD,
### Appellant.

**Division Two, December 9, 1913.**

**APPELLATE JURISDICTION:** Misdemeanor: Constitutional Question: Motion to Quash: No Exception. A motion to quash an information on the ground that a conviction thereunder would deprive accused of a constitutional right, is no part of the record proper, and can be preserved for review only by a bill of exceptions; and where no effort has been made to preserve the constitutional question in the record, and the information charges a misdemeanor, the Supreme Court does not have appellate jurisdiction.

Appeal from Franklin Circuit Court.—*Hon. R. A. Breuer*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Jesse H. Schaper* and *Morris & Hartwell* for appellant.

*John T. Barker*, Attorney-General, and *W. T. Rutherford*, Assistant Attorney-General, for the State.

WALKER, J.—Appellant was convicted of a misdemeanor, in the circuit court of Franklin county, on an information charging him with a violation of section 8315, Revised Statutes 1909, regulating the practice of medicine and surgery.

The case is brought here on appeal on the ground that a constitutional question is involved; the manner in which this question was raised was by a motion to quash the information, and no effort was made thereafter to preserve the question in the record.

<span style="margin-left:2em">Motion to Quash: No Exception.</span>

It has been held in a number of cases that a motion to quash an indictment or information is no part of the record proper, and the error of the court in overruling

same must be preserved in the bill of exceptions. [State v. Coleman, 199 Mo. 112; State v. Finley, 193 Mo. 202; State v. Tooker, 188 Mo. 438.]

A later case directly in point holds that where the record on appeal from a conviction for a misdemeanor, shows that no constitutional question was raised save by a motion to quash the indictment, and defendant in his motion for a new trial does not call the attention of the trial court to the alleged error in overruling the motion to quash, no constitutional question is presented, and the Supreme Court has no jurisdiction on appeal. [State v. Finley, 234 Mo. 603.]

In view of the foregoing authorities and the facts in this case, it is evident that there is no constitutional question before the court on this appeal, and the case should, therefore, be transferred to the St. Louis Court of Appeals for determination. It is so ordered. *Brown, P. J.,* and *Faris, J.,* concur.