THE STATE v. HENRY SAAK, Appellant.

Division Two, December 6, 1916.

1. **INFORMATION**: Negativing a Proviso. When the statute contains a proviso exempting a class therein referred to from the operation of the statute, the indictment or information need not negative the proviso. [Holding that State v. Carson, 231 Mo. 1, does not announce a contrary rule.]

2. ———: ———: **Practicing Medicine Without License.** Where the statute makes it a crime for any person to practice medicine without a license, and in a proviso says that physicians registered prior to March 12, 1901, shall be regarded for every purpose as licentiates and registered physicians, an information charging defendant with practicing medicine without a license is not defective for that it does not charge that the defendant was not a physician registered prior to March 12, 1901.

3. ———: **Duplicitous: No Bill of Exceptions.** Duplicity in an information is cured by verdict; and a motion to quash an information on the ground that it is duplicitous and an assignment that the trial court erred in its ruling thereon should be preserved in a proper manner by a bill of exceptions, and if there is no bill of exceptions the motion or assignment cannot be considered on appeal.

Appeal from Warren Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*T. W. Hukriede, E. Rosenberger & Son* and *Morris & Hartwell* for appellant.

(1) The indictment is defective in that it does not allege that the defendant was not registered as a physician or surgeon on or prior to March 12, 1901. This is a part of the act describing the offense and therefore should have been negatived in the information. This exact question was settled in this court in State v. Carson, 231 Mo. 1, which expressly approves State v. Hellscher, 150 Mo. App. 230. To the same effect

see: State v. Hellscher, 156 Mo. App. 63; State v. Brand, 153 Mo. App. 27. (2) The information is defective for duplicity and this is a sufficient reason for setting aside the verdict. These matters were particularly made part of the reasons for asking for a new trial, and also in the motion in arrest of judgment.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

(1) The information was not defective because it failed to state that appellant was not authorized to practice medicine and surgery on or before March 12, 1901. State v. DeGroat, 259 Mo. 375; State v. Smith, 233 Mo. 253; State v. Price, 229 Mo. 682; State v. O'Brien, 74 Mo. 550. (2) It is now too late for appellant to urge that the information is duplicitous. This objection should have been presented to the trial court by demurrer or motion to quash the information, or by motion to elect. Duplicity in an indictment is cured by verdict. State v. Flynn, 258 Mo. 219; State v. Nieuhaus, 217 Mo. 345; State v. Davis, 237 Mo. 239; State v. Fox, 148 Mo. 524; State v. Blakely, 184 Mo. 187.

WILLIAMS, C.—Upon an information charging him with a violation of section 8315, Revised Statutes 1909 (practicing medicine, etc., without a license), defendant was tried in the circuit court of Warren County, found guilty and his punishment assessed at a fine of fifty dollars. From that judgment defendant duly appealed to the St. Louis Court of Appeals where the judgment was affirmed.

The case was duly certified and transferred here by order of the St. Louis Court of Appeals because one of the judges thereof deemed the decision to be contrary to the decision in State v. Carson, 231 Mo. 1.

Because of the absence of a bill of exceptions our review is confined to the record proper.

I. Section 8315, Revised Statutes 1909, is as follows:

"Any person practicing medicine or surgery in this State, and any person attempting to treat the sick or others afflicted with bodily or mental infirmities, and any person representing or advertising himself by any means or through any medium whatsoever, or in any manner whatsoever, so as to indicate that he is authorized to or does practice medicine or surgery in this State, or that he is authorized to or does treat the sick or others afflicted with bodily or mental infirmities, without a license from the State Board of Health, as provided in this article, or after the revocation of·such license by the State Board of Health, as provided in this article, shall be deemed guilty of a misdemeanor, and punished by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment in the county jail for a period of not less than thirty days nor more than one year, or by both such fine and imprisonment for each and every offense; and treating each patient shall be regarded as a separate offense. Any person filing or attempting to file as his own a license of another, or a forged affidavit of identification, shall be guilty of a felony, and, upon conviction thereof, shall be subject to such fine and imprisonment as are made and provided by statutes of this State for the crime of forgery in the second degree: Said fines to be turned into the State Treasury when collected: *Provided,* that physicians registered on or prior to March 12, 1901, shall be regarded for every purpose herein as licentiates and registered physicians under the provisions of this article."

*Statute.*

The information does not charge that defendant was "not a physician registered on or prior to March 12, 1901," and appellant contends that by reason of this omission the information is fatally defective.

*Information.*

We are unable to agree with this contention. The rule of law here applicable is correctly quoted and fully discussed in State v. Smith, 233 Mo. 242, l. c. 254, as follows:

" 'When an exception is contained in a statute defining an offense and constitutes a part of the offense an indictment for such offense must negative the exception; but when the statute contains a proviso exempting a class therein referred to from the operation of the statute an indictment need not negative the *proviso.* The accused must make the exemption a ground of defense.' " [Citing State v. O.'Brien, 74 Mo. 549.]

The *proviso* in the case at bar merely exempted a class from the operation of the statute and falls clearly within the above announced rule.

We do not deem that anything herein stated conflicts in any manner with the holding in State v. Carson, 231 Mo. 1. The sufficiency of the information was not involved nor discussed in that case and the argumentative reference therein to the holding in the case of State v. Hellscher, 150 Mo. App. 230, on a point not involved in the Carson case, should be treated as *obiter dictum.*

II. It is further contended by appellant that the information is duplicitous. In the recent case of State v. Flynn, 258 Mo. 211, FARIS, J., speaking for the court, said:

"The general rule is that duplicity in an information or an indictment is cured by verdict (State v. **Duplicitous** Nieuhaus, 217 Mo. 232; State v. Davis, 237 **Information.** Mo. 237); but that it is error to refuse to sustain a demurrer or a motion to quash a duplicitous indictment or information *when the attack is timely made and the error properly preserved for review.*" (Italics ours).

In the case at bar, error, if any in this regard, was not properly preserved for appellate review. A bill of exceptions was not filed by appellant. The motion to quash and the alleged erroneous action of the court with reference thereto should have been preserved in a proper manner by bill of exceptions. [State v. Humfeld, 253 Mo. 340, and cases therein cited.]

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All of the judges concur.