## THE STATE v. CREON MOORE, Appellant.

### Division Two, December 22, 1925.

1. **INTOXICATING LIQUOR: Moonshine Whiskey: Indictment: Unnamed Quantity.** An indictment charging that defendant sold "moonshine whiskey, commonly called hootch, containing one-half of one per cent of alcohol and more in volume," complies with the statute, although it does not state the amount sold. The statute (Sec. 20, Laws 1923, p. 242) makes it a felony to sell or give away "any moonshine, hootch, corn whiskey," and under this statute the offense is complete when liquor of the sort mentioned in any appreciable quantity is sold, by which is meant a quantity sufficient to be a subject of purchase. An indictment charging that defendant sold "moonshine whiskey," can mean nothing else than that it was sold in a quantity sufficient to be the subject of sale.

2. **INDICTMENT: In Language of Statute.** An indictment describing a statutory crime in the language of the statute is sufficient, if the statute sets forth every element of the crime.

3. ———**: Intoxicating Liquor: Unnamed Amount Sold: Potable, Etc.** An allegation in an indictment charging the sale of moonshine

whiskey, that the liquor sold was "potable and fit for beverage pur-
poses" is a statement that the amount sold was enough for that pur-
pose, and therefore comes within the terms of the statute (Sec. 20,
Laws 1923, p. 242).

Corpus Juris-Cyc. References: Criminal Law, 17 C. J., Section 3422, p.
137, n. 44.  Indictments and Informations, 31 C. J., Section 260, p. 709,
n. 31; Section 268, p. 717, n. 30.  Intoxicating Liquors, 33 C. J., Section
460, p. 735, n. 54 New.

Appeal from Marion Circuit Court.—*Hon. Charles T. Hays,* Judge.

AFFIRMED.

*Robert W. Otto,* Attorney-General, and *James A. Potter,* Special Assistant Attorney-General, for respond-ent.

(1)  The indictment was in proper form.  It is not necessary to specify the quantity of liquor sold in an indictment charging the illegal sale of intoxicating liquor.  State v. Vance, 267 S. W. 1118; State v. Brown, 262 S. W. 710.  (2)  Defendant's motion to quash the indictment cannot now be considered because the same was not preserved in the bill of exceptions.  State v. Brown, 262 S. W. 710.

WHITE, J.—Defendant was indicted and tried in the Circuit Court of Marion County on the charge of selling, September 4, 1923, "moonshine whiskey, commonly called hootch, containing one-half of one per cent of alcohol and more by volume."

The State introduced evidence to show that September 4, 1923, the defendant sold one pint of whiskey to one Charlie Ross in the presence of one Harold Morgan, for which Charlie Ross paid him one dollar. Within ten minutes thereafter this witness delivered the bottle of whiskey to a deputy sheriff, W. R. Marks, who placed

it in a bank vault in Hannibal and later delivered it to Douglas S. Baker.  Baker testified that he was Federal prohibition agent, that he had been connected with the Government thirty-two years, and his duty was testing liquor for its alcoholic content.  That he tested the liquor delivered to him by Marks, and found that it contained 42.1 per cent of alcohol by volume; that it was moonshine whiskey; that he made the test on the tenth day of September, 1923; that in his official position he had occasion to test both moonshine whiskey and bonded whiskey.

The defendant denied having sold the liquor, or any liquor, to Charlie Ross or Harold Morgan.  On the evidence the defendant was found guilty, and his punishment assessed at a term of two years in the penitentiary. From the judgment thereupon rendered he appealed.

The record shows that the defendant filed a motion to quash the indictment, but the motion is not preserved in the bill of exceptions for our consideration.  At the beginning of the trial the defendant objected to the introduction of any evidence, on the ground that the indictment did not charge all the elements of any offense, and did not advise the defendant of the nature of the cause and accusation against him.  This objection was overruled.  At the close of the evidence the defendant offered an instruction in the nature of a demurrer to the evidence, directing the jury that under the law and the pleadings and the evidence they should find the defendant not guilty.  This instruction was refused.  The motion for new trial assigns as error the failure of the court to sustain his motion to quash, the failure to give the instruction mentioned, and reception of evidence over the objection of the defendant.

In his motion in arrest of judgment the defendant says that the indictment does not advise him of the nature and cause of the accusation, as required by the Constitution.

The defendant has filed no brief here, but we gather from the·entire record that the only point seriously contended for by the defendant is the failure of the indict-

ment to state a case, in that it does not say what quantity of moonshine whiskey was sold. Section 20 of the Act of 1923 (Laws 1923, p. 242) makes it a felony to sell or give away, *"any* 'moonshine,' 'hootch,' 'corn whiskey.'" Under that section the offense is complete when liquor of that sort in any quantity is sold. Of course, it would have to be an appreciable quantity—a quantity sufficient to be a subject of purchase, and when the indictment charged that the defendant sold "moonshine whiskey" the language could mean nothing else than that it was sold in a quantity sufficient to be the subject of the sale.

Where an indictment describes a statutory crime in the language of the statute, it is sufficient if the statute sets forth every element of the crime. Under the statute in this case the quantity of the liquor sold is not an essential element of the crime, provided it is sufficient to be the subject of a sale. The further allegation in the information regarding the liquor sold, "being potable and fit for beverage purposes," is a statement that the quantity must have been enough for that purpose, and therefore it comes within the terms of the statute.

Other errors are assigned in the motion for new trial but they are not of sufficient importance to deserve consideration.

The judgment is affirmed. All concur.