STATE, Respondent, v. LYNCH, Appellant.

(210 N. W. 988.)

(File No. 6125.   Opinion filed December 6, 1926.)

1. **Banks and Banking—Information Charging Bank Cashier with Permitting Excessive Indebtedness of Shareholders Need Not Allege that Indebtedness Was Created by Loaning or Advancing Funds (Rev. Code 1919, §§ 8980, 8981).**

    Indictment of cashier under Rev. Code 1919, §§ 8980 and 8981, for permitting stockholders to become indebted to bank in sum exceeding 50 per cent of paid-up capital, need not allege that indebtedness had been created by loaning or advancing funds of bank, since offense is committed by knowingly permitting shareholders to become indebted in sum aggregating more than 50 per cent of bank's paid-up capital.

2. **Indictment and Information—Allegation that Indebtedness Had Been Created by Loaning or Advancing Funds of Bank, in Information Charging Cashier's Permitting Shareholders' Excessive Indebtedness, Was Mere Surplusage (Rev. Code 1919, §§ 8980, 8981).**

In information charging bank cashier's permitting shareholders to become indebted to bank in sum exceeding 50 per cent of paid-up stock, in violation of Rev. Code 1919, §§ 8980, 8981, allegation that indebtedness was created "by loaning or advancing funds of bank" held mere surplusage.

3. **Indictment and Information—In Charging Statutory Offense, It Is Sufficient to Follow Language of Statute.**

As general rule, it is sufficient, in charging statutory offense, to follow language of statute.

4. **Criminal Law—New Trial—New Trial Will Be Granted Only Where Rights of Defendant Have Been Prejudiced (Rev. Code 1919, §§ 4936, 4945).**

Under Rev. Code 1919, §§ 4936 and 4945, a new trial will be granted only where rights of defendant have been prejudiced.

5. **Criminal Law—Variance Between Allegation that Bank Cashier Had Loaned Funds to Shareholders, Thereby Permitting Excessive Indebtedness, and Proof that Notes Had Been Exchanged for Those of Shareholders, Did Not Warrant New Trial (Rev. Code 1919, §§ 8980, 8981).**

Variance between allegation that indebtedness had been created by loaning or advancing funds of bank in information charging cashier with permitting shareholders to become indebted in sum exceeding 50 per cent of capital stock, in violation of Rev. Code 1919, §§ 8980 and 8981, and proof that notes had been taken from shareholders in lieu of other notes constituting part of assets of bank, and that no cash had been parted with, did not warrant new trial.

6. **Banks and Banking—Where Bank Cashier Had Permitted Excessive Indebtedness of Shareholders by Exchanging Valid Notes Exceeding 50 Per Cent of Bank's Capital Stock for Shareholders' Notes, Invalidity of One Note Exchanged Was Immaterial (Rev. Code 1919, §§ 8980, 8981).**

Where valid notes, exchanged by bank cashier for shareholders' notes, exceeded 50 per cent of bank's capital stock, in violation of Rev. Code 1919, §§ 8980 and 8981, question whether one note by corporation, signed by its president, which was not exchanged, was valid, was immaterial.

Campbell, J., dissenting.

Note. — See, Headnote (1), American Key-Numbered Digest, Banks and banking, Key-No. 62, 7 C. J. Sec. 202 (Anno.); (2) Indictment and information, Key-No. 119, 31 C. J. Secs. 304, 306; (3) Indictment and information, Key-No. 110(3), 31 C. J. Sec. 260; (4) Criminal law, Key-No. 918(1), 16 C. J. Sec. 2628; (5) Criminal law,

Key-No. 915, 16 C. J. Sec. 2625; (6) Banks and banking, Key-No. 61, 7 C. J. Sec. 202 (Anno.).

As to necessity of following language of statute defining criminal offense, see 14 R. C. L. 185; 2 R. C. L. Supp. 191; 4 R. C. L. Supp. 885; 5 R. C. L. Supp. 751; 6 R. C. L. Supp. 802.

On right to new trial where verdict is contrary to law, see 20 R. C. L. 272; 2 R. C. L. Supp. 1050; 4 R. C. L. Supp. 1349; 5 R. C. L. Supp. 1095.

Appeal from Circuit Court, Brookings County; HON. W. W. KNIGHT, Judge.

P. A. Lynch was convicted of violating Rev. Code 1919, §§ 8980, 8981, relating to permitting shareholders' indebtedness to bank to exceed 50 per cent of paid-up capital stock, and he appeals. Affirmed.

*M. G. Luddy,* of Sioux Falls, and *Hall & Purdy,* of Brookings, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

POLLEY, J. Appellant, who was cashier of the First State Bank of Elkton, was convicted of a violation of sections 8980 and 8981, Code of 1919. Section 8980 provides:

"In no case shall the total liabilities of the several stockholders of any bank, including any and all liabilities * * * to such bank, exceed 50% of the paid up capital of such bank."

And section 8981 provides that:

"Any officer, director or employe of any bank * * * who shall knowingly permit shareholders of such bank to at any one time become indebted to such bank in a total sum exceeding fifty per cent of the paid-up capital of such bank, as prescribed by the preceding section, shall be deemed guilty of a felony."

The paid-up capital of the said bank was $20,000. The bank suspended and was taken over by the superintendent of banks for liquidation. Among the assets of the bank were found notes signed by the various stockholders, aggregating considerably more than 50 per cent of the paid-up capital of the bank. The information charges that the indebtedness evidenced by these notes was for funds of the bank "loaned and advanced" by appellant to said stockholders, whereas the evidence shows that said

notes had been taken by appellant in lieu of other notes that had constituted a part of the assets of the bank, and that, as a matter of fact, no cash had been parted with by the bank when the notes in question were taken by appellant. This state of the case, appellant contends, constitutes such a variance between the allegation in the information and the proof adduced by the state that the conviction cannot stand, and it is the matter of this claimed variance that constitutes the one important question to be determined in the case.

[1-3] It was not necessary to allege in the information that the indebtedness had been created by "loaning or advancing the funds of the bank." The offense is committed by knowingly permitting the shareholders to become indebted to the bank in sums aggregating more than 50 per cent of the bank's paid-up capital. It is not material whether the indebtedness is for cash advanced, notes discounted, for property sold, or for notes charged off and surrendered, even though the notes of the shareholders are more valuable than the notes so surrendered. Therefore the allegation in the information that the notes in question were taken for funds loaned and advanced is mere surplusage. As a general rule, it is sufficient, in charging a statutory offense, to follow the language of the statute. State v. Heck, 23 Minn. 549, citing 1 Bishop Crim Proc., § 359 et seq.

We are aware of the long line of decisions to the effect that, where a crime is charged, and the manner of commission is set out, proof that it was committed in some other manner constitutes a fatal variance. But, conceding a variance to exist in this case, it is not necessarily fatal. Our statute (section 4936) provides that:

"On the trial of an indictment or information exceptions may be taken by the defendant to the decision of the court upon a matter of law by which his substantial rights are prejudiced, and not otherwise, in any of the following cases: * * '

"3. In admitting or rejecting witnesses or evidence, or in deciding any question of law, not a matter of discretion, or in charging or instructing the jury upon the law, on the trial of the issue."

And section 4945 provides that:

"The court in which a trial has been had upon an issue of fact has power to grant a new trial, when a verdict has been rendered against the defendant by which his substantial rights have been prejudiced, upon his application in the following cases only: * * *

"6. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial.

"7. When the verdict is contrary to the law or evidence."

[4, 5] The purport of these two sections of the law is that it is only where the rights of the appellant have been prejudiced that a new trial will be granted. In this case it is not shown that appellant's rights were in anywise prejudiced by the variance complained of; therefore it does not warrant a new trial.

[6] One of the notes evidencing indebtedness by a stockholder to the bank is executed by a corporation, and it is contended by appellant that it is not shown that the president of the corporation, who executed the note, had any authority to bind the corporation. This question might be serious if it were material. But it is not material, because other notes, the validity of which is not questioned, aggregate more than 50 per cent of the paid-up capital of the bank. This note may be entirely disregarded, and still the indebtedness of the stockholders is sufficient to constitute the offense charged.

It is not shown that the rights of the appellant were in anywise prejudiced by any of the matters complained of, or that he did not have a fair trial.

The judgment and order appealed from are affirmed.

CAMPBELL, J., dissents.