THE STATE, Plaintiff in Error, v. C. W. SETTLE.—46 S. W. (2d) 882.

Division Two, February 17, 1932.

*Stratton Shartel,* Attorney-General, *C. A. Powell,* Assistant Attorney-General, and *Franklin E. Reagan,* Prosecuting Attorney, for plaintiff in error.

*Clark, Boggs, Cave & Peterson* and *Ruby M. Hulen* for defendant in error.

FITZSIMMONS, C.—Defendant was indicted by the grand jury of Boone County, October 14, 1930, on the charge of having made an excessive loan in his capacity as cashier of a bank. Section 4119, Revised Statutes 1929, makes it a felony for any officer, director, agent, clerk or employee of any bank, to make any loan in excess of the amounts set out in Section 5357, Revised Statutes 1929, of the banking laws. The State proceeded against defendant under these sections. The trial court, by one final judgment, entered October 14,

1930, sustained defendant's motion to quash the indictment, gave the prosecuting attorney leave to file an information in lieu of the defective indictment, sustained defendant's motion to quash the information and discharged defendant. The State did not take or save exceptions to the final judgment, and did not file any motion for a rehearing or new trial. But, on January 16, 1931, the prosecuting attorney, on behalf of the State, filed his affidavit for appeal and an appeal to this court was allowed. No bill of exceptions was filed. On motion of the State, this court on August 10, 1931, dismissed the State's appeal. On August 18, 1931, the State sued out of this court a writ of error directed to the court below, returnable to our October, 1931, Term. The case is before us upon the record sent up by way of return to the writ of error and the motion which defendant in error has filed in this court to dismiss the proceedings.

I. Defendant's motion to dismiss the appeal by writ of error first must be ruled. In support of this motion defendant sets up that a motion to quash an indictment or an information is not a part of the record proper and therefore the motion itself, the rulings thereon and exceptions to these rulings must be preserved by a bill of exceptions; that the State in this case did not file a bill of exceptions or take or preserve any exceptions to the rulings of the court, and that therefore the action of the court below upon the motion to quash is not before us for review. A further ground of the motion of defendant in error to dismiss the appeal by writ of error is that the court below entered a final judgment discharging the defendant. In this connection the motion of the State to dismiss its original appeal by which it first brought this action to this court gave as the reason for the motion that defendant was discharged and final judgment was rendered before the appeal was attempted to be taken, and therefore the State was not entitled to take an appeal under the decision of this court in the case of State v. Carson, 323 Mo. 46, 18 S. W. (2d) 457. The proceeding by writ of error followed.

By a long line of decisions, having their beginning in 1847, this court uniformly has held that a motion to quash an indictment or information is not part of the record proper, and therefore such a motion only can become part of the record by its inclusion in a proper bill of exceptions. [State v. Fortune & Hannan, 10 Mo. 466 (1847); State v. Batchelor, 15 Mo. 207 (1851); State v. Wall, 15 Mo. 208 (1851); State v. Gee, 79 Mo. 313. Later cases are: State v. Vincent, 91 Mo. 662, 4 S. W. 430; State v. Fraker, 137 Mo. 258, 38 S. W. 909; State v. Wilhoit, 142 Mo. 619, 44 S. W. 718; State v. Tooker, 188 Mo. 438, 87 S. W. 487; State v. Finley, 193 Mo. 202, 91 S. W. 942; State v. Coleman, 199 Mo. 112, 97 S. W. 574; State v.

Finley, 234 Mo. 603, 137 S. W. 879; State v. Humfeld, 253 Mo. 340, 161 S. W. 735; State v. Saak, 269 Mo. 231, 190 S. W. 296.] But some modifications of the rule, rigidly applied in the earlier cases, appear in some of the later cases. In State v. Tooker, supra, the court ruled that if the motion to quash with the proper objections and exceptions to the ruling thereon are not preserved in a bill of exceptions, the sufficiency of the indictment or information cannot be considered upon appeal "unless it is fatally defective and fails to charge an offense under the law." In State v. Finley, 193 Mo. 202, 91 S. W. 942, supra, a motion in arrest of judgment and the ruling thereon were not preserved in the bill of exceptions. Upon the authority of the "long line of decisions," holding that a motion to quash must be embodied in a bill of exceptions, the court held that the motion in arrest could not be considered. Yet the court straightway considered and passed on the motion thus (91 S. W. l. c. 945): "If however, the information which is a part of the record proper, shows upon its face that it is invalid, that question may be raised for the first time in this court, but nothing appears upon its face which in any way renders it invalid." In State v. Coleman, supra, the court applied the rule to a motion to quash an amended information, but it added in the opinion (97 S. W. l. c. 576): "This amended information forms a part of the record proper, and, as there is nothing appearing upon the face of the information or in the record which in any way renders it invalid, it must be held sufficient."

In the instant case, the indictment to which a motion to quash was first sustained charged that defendant on or about May 29, 1930, in the County of Boone, being then and there an officer, agent and cashier of the Farmers and Merchants Bank, a corporation engaged in the banking business and having total capital stock and surplus fund of $30,500, "did wilfully, knowingly and feloniously make and concur in making by said bank" to C. W. Settle, a loan of $2,000, "in excess of 25% of the paid-in capital stock and surplus fund of said bank." The information of the prosecuting attorney which was filed by leave of court, immediately after the motion to quash the indictment was sustained, alleged the official capacity of defendant in the Farmers and Merchants Bank, the amount of its capital and surplus, namely, $30,500, and further charged: "and the said C. W. Settle, being then and there indebted to said bank in an amount equal to twenty-five per centum of the capital stock actually paid in and surplus fund of said bank, did wilfully, knowingly and feloniously make, and concur in making, by said bank to C. W. Settle, in excess of aforesaid unpaid loans, amounting to twenty-five per centum of the capital stock actually paid in and surplus fund of said bank,

a loan of two thousand ($2,000) dollars, the money and personal property of said bank, of the value of two thousand ($2,000) dollars;"

The motions to quash were identical and alleged that the indictment and information did not plead facts sufficient to constitute an offense under the law, did not properly inform the defendant of the offense of which he was charged, did not charge an offense, and were indefinite and uncertain in particulars specified. The motions also alleged that the statutes under which the indictment and information were drawn were void because they violated certain stated provisions of the State and Federal Constitutions. Thus we see that the motions to quash were grounded upon invalidities alleged to be apparent upon the face of the indictment and information. And we have seen that the rulings of the court sustaining these motions appear in the judgment from which the appeal is taken. The indictment, the information and the judgments are parts of the record proper. It would appear that the ancient rigidity of the rule that a motion to quash an indictment or information and the ruling thereon must be preserved in a bill of exceptions has been modified by the later decisions cited above. If all the grounds of the motion are apparent upon the face of the indictment or information, and if the motion to quash is sustained, then the motion to quash as well as the order or judgment sustaining it should be deemed to be part of the record proper, the motion in these circumstances being in the nature of a demurrer. But if any of the reasons assigned in the motion to quash do not appear upon the face of the indictment or information, and if the motion to quash should be sustained, the State should be required to incorporate in a proper bill of exceptions the motion and the order sustaining it. This for the reason that, as was said in an early case, "indictments may be sometimes quashed for causes not appearing on their face." [State v. Wall, 15 Mo. 149.] In all cases in which a motion to quash is overruled, whether the grounds of the motion be matters patent upon the indictment or information or otherwise, defendant, upon his appeal from the final judgment against him, should in his motion for a new trial assign as error the action of the court upon the motion to quash. And he should preserve in his bill of exceptions the motion to quash and the order of court overruling it. But nothing herein said shall be deemed to be a limitation of the statutory duty of appellate courts to determine whether an indictment or information is sufficient, even though there is nothing for review except the record proper. For the reason that in this case the grounds for the motion to quash appear upon its face and that the motion is in the nature of a demurrer, defendant's motion to dismiss the State's proceeding by writ of error should be and it is overruled.

II. The motion to quash the indictment was properly sustained. It was obvious that $2,000, the amount of the loan alleged to have been made was not 25% of $30,500, the amount of the capital and surplus of the bank. The prosecuting attorney recognized this fact by filing, with leave of court, the information charging that the defendant, being already indebted to the bank in an amount equal to 25% of its capital and surplus, made to himself, out of the funds of the bank, in excess of unpaid loans, a further loan of $2,000. The court, having sustained the motion to quash the information, discharged the defendant. The Prosecuting Attorney of Boone County in filing the information proceeded in accordance with Section 3564, Revised Statutes 1929, which among other things, provides that, if an indictment be held to be insufficient either as to form or substance, an information charging the same offense charged or attempted to be charged in the indictment may be substituted therefor at any time before the jury is sworn. One record entry covers the order sustaining the motion to quash the indictment after a hearing; the order granting leave to the prosecuting attorney to file an information in lieu of the indictment; the record of the filing of the information and of the filing of the motion to quash, and the order of court, after hearing, sustaining the motion to quash the information and discharging the defendant. These are separate and successive proceedings and orders whether they are recorded in one entry or in several. When the prosecuting attorney filed the information he abandoned the indictment and waived any right which the State may have had to appeal from the order quashing the indictment. The matter here for review upon writ of error is the order of court sustaining the motion to quash the information and the incidental order discharging the defendant. Therefore there is no merit in the contention of defendant that the State's affidavit for appeal fails to designate which decision was appealed from and that the transcript indicates very plainly that the appeal was taken from the decision quashing the indictment.

III. We shall examine next the merits of the motion to quash the information. The making of an excessive loan by a banker was not an offense at common law. [Michie on Banks and Banking, vol. I, chap. 3, sec. 166, pp. 244-5.] It is therefore a statutory crime and as such it is sufficiently charged if the information follows the language of the statute and if the statute describes the entire offense by setting out the facts constituting it. [State v. Ferris, 16 S. W. (2d) 96.] Or, stated differently, if the statute sets forth every element of the crime. [State v.

Moore, 311 Mo. 531, 279 S. W. 134.] But when a statute denounces various distinct acts as criminal in the disjunctive, then it is the constitutional right of the defendant "to demand the nature and the cause of the accusation against him." [State v. Thierauf, 167 Mo. 429, 67 S. W. 292.] The law of this case is to be found in one section of the statutes and in part of another. Both are crudely drawn. They denounce acts in the disjunctive and the felony statute describes the offense only by reference to the other statute which is of a civil nature. Section 4119, Revised Statutes 1929, the felony statute, which was enacted in 1925 (Laws 1925, p. 190), is in part as follows:

"Any officer, director, agent, clerk or employee of any bank or trust company who willfully and knowingly makes or concurs in making any loan, either directly or indirectly to any individual, partnership or corporation or by means of letters of credit, by acceptance of drafts or by discount or purchase of notes, bills of exchange or other obligation of any person, partnership or corporation, [in] excess of the amounts set out in section 5357 and section 5429, chap. 34, R. S. 1929, shall be deemed guilty of a felony."

The statute fixes a penalty, upon conviction, of imprisonment in the penitentiary for not more than ten nor less than two years, or jail sentence or fine or both. Section 5357, mentioned in the quoted statute, relates to banks, and Section 5429 to trust companies. These two sections were first enacted as part of the Banking Act of 1915 (Laws 1915, p. 102). As the defendant is charged in the information with making an excessive loan in his capacity of cashier of a bank, we are concerned alone with Section 5357, Revised Statutes 1929. The latter section has nine subdivisions. Of these, subdivision 1 and 8 limit the amount of loans which banks may make, and subdivision 1 has six subparagraphs which state exceptions to the inhibitions of the main subdivision. Prior to the enactment of the felony statute in 1925 there was no sanction or means of enforcement of Section 5357 as against persons offending save that "every bank or officer thereof knowingly violating the provisions" of Subdivision 8 relating to borrowing by officers, "shall for each offense forfeit to the State the amount lent." A penalty of a civil nature.

Subdivision 8 of Section 5357, Revised Statutes 1929, provides that no active officer of a bank shall use or borrow for himself money of the bank of which he is an officer in excess of ten per cent of its capital and surplus and that the total amount loaned to all the active salaried officers of a bank shall not exceed 25 per cent of its capital and surplus. Defendant in error professes doubt whether the information is grounded upon subdivision 1 or subdivision 8 of Section 5357. But this court ruled in State v. Lloyd, 320 Mo. 236, 7 S. W. (2d) 344, that the felony statute (Sec. 4119, R. S. 1929) does not include or apply to subdivision 8 of Section 5357. Therefore we will limit our inquiry to the question whether the information sufficiently

and properly states an offense under subdivision 1. With these facts in mind we quote the applicable part of subdivision 1 of Section 5357, Revised Statutes 1929, as follows:

"A bank subject to the provisions of this article:

"1. Shall not directly or indirectly lend to any individual, partnership, corporation, or body politic, either by means of letters of credit, by acceptance of drafts or by discount or purchase of notes, bills of exchange or other obligations of such individual, partnership, corporation or body politic an amount or amounts in the aggregate which will exceed fifteen (15) per centum of the capital stock actually paid in and surplus fund of such bank if located in a city having a population of one hundred thousand or over; twenty (20) per centum of the capital stock actually paid in and surplus fund of such bank if located in a city having a population of less than one hundred thousand and over seven thousand; and twenty-five (25) per centum of the capital stock actually paid in and surplus fund of such bank if located elsewhere in the state, with the following exceptions:"

The information is not attacked upon the ground that it does not negative the exceptions to subdivision 1. But the six exceptions may be epitomized thus: (a) The restrictions of subdivision 1 do not apply to loans to or investments in obligations of the United States, this State or political subdivisions of this State. (b) The loan limits are slightly relaxed as to states other than Missouri, also foreign nations, municipal, railroad or public service corporations, and also as to individuals if their notes are secured by commercial paper or by collateral of ascertained value. (c) The limits of loans to individuals, firms and corporations are extended beyond the restrictions of the statute if the excess of the loan is secured collaterally by warehouse receipts covering agricultural products in public elevators and warehouses, the ascertained value of the products to be at all times 15 per cent more than the loan, and the products to be insured under assigned policies. (d) The total liability of an individual shall include the liability of any partnership of which he is a member; and of a partnership shall include the liabilities of its members, and of a corporation shall include loans made for its benefit. (e) The purchase or discount of drafts or bills of exchange drawn against existing values shall not be included in a computation of liabilities. (f) The subdivision (1) shall not be construed to render unlawful the continued holding of loans acquired prior to the act.

In view of the fact that the crime denounced by Section 4119, Revised Statutes 1929, is defined in that statute and in the first subdivision of Section 5357, Revised Statutes 1929, and that the statutory definition is marked by disjunctives and exceptions which epitomize what the lawmakers believed to be elastic rules of sound banking, we

are of opinion that the information does not properly apprise the defendant of the specific crime with which he is charged. [State v. Thierauf, 167 Mo. 429, 67 S. W. 292; State v. Crooker, 95 Mo. 389, 8 S. W. 422.] The information charges the defendant, as cashier of the bank, with making and concurring in making a loan to himself in excess of 25% of the paid-up capital and surplus of the bank. The statute (Sec. 4119, R. S. 1929) forbade him as cashier to make or concur in making an excessive loan either directly or indirectly or by means of letters of credit, or by acceptance of drafts or purchase of notes, etc. The information appears to exclude the charge that he violated the statute either by letters of credit or acceptance of drafts or purchase of notes. But under the rule of disjunctives heretofore stated, the mere recital in the statute of the several alternative ways in which it may be violated entitles the defendant to a more particular charge than the information makes. The accused should know whether he is charged with making an excessive loan either directly or indirectly, since the statute denounces both methods. If the excessive loan was made by means of a promissory note, defendant should be particularly advised of the charge in the information. And in like manner, if any other method of lending was used. It is a matter of common knowledge that banks lend money in a variety of ways. It is equally well known that when bankers are tempted to violate the laws they resort to devious devices. It is obvious that the Legislature had these facts in mind when it enacted Section 5357, Revised Statutes 1929, in 1915, and Section 4119, Revised Statutes 1929, in 1925. But the courts, in the enforcement of these laws, must have regard for the constitutional rights of accused bankers as well as of other offenders. It may be assumed that the prosecuting attorney in drawing the information tried to steer a safe course between the rock of Scylla and the whirlpool of Charybdis. We do not know whether a charge, sufficiently specific, that defendant as cashier made an excessive loan to himself, may be construed to be an act of using or borrowing for himself money of the bank in violation of subdivision 8 of Section 5357, Revised Statutes 1929. We have seen that the felony statute does not cover offenses against subdivision 8. [State v. Lloyd, 320 Mo. 236, 7 S. W. (2d) 344.] But the duty remains to protect those rights which defendant enjoys in common with other accused persons.

If, without any qualifications or exceptions, our banking laws provided that any officer, director or employee of a bank "who shall knowingly permit or allow shareholders of such bank to at any one time become indebted to such corporation in a total sum exceeding fifty per cent of the paid-up capital of such banking corporation, as covered by Section 29, shall be deemed guilty of a felony," we should have no difficulty in holding with the Supreme Court of South Dakota

that an indictment or information in substantial compliance with the statute was sufficient. [State v. McPherson, 30 S. D. 547; State v. Lynch, 50 S. D. 564, 210 N. W. 988.] We would be in accord, too, with the Supreme Court of Oklahoma in holding sufficient an information in substantial compliance with a statute declaring it unlawful for any active managing officer of a bank to borrow directly or indirectly money from the bank with which he is connected, and denouncing a violation as a felony. [Witte v. State, 35 Okla. Cr. 204.] But those statutes do not contain any disjunctives or exceptions, or variable scales of loan limits. For the reasons stated we are of opinion that the motion to quash the information was properly sustained.

IV. Defendant, in his motion to quash the information, set up as further grounds therefor that the sections of the statutes under which the information was drawn violate certain specified provisions of the Constitution of the State of Missouri and also of the Constitution of the United States. These constitutional questions will not be considered as a determination of them is not essential to a disposition of these proceedings by writ of error.

V. For the reasons stated in Paragraph III, the judgment of the circuit court is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All of the judges concur.